LATHAM & WATKINS LLP
  David J. Schindler (Bar No. 130490)
  Manuel A. Abascal (Bar No. 171301)
355 South Grand Avenue
Los Angeles, California 90071
Email: david.schindler@lw.com
       manny.abascal@lw.com
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Attorneys for Defendant
DANNY PANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>       v.<br><br>PRIVATE EQUITY MANAGEMENT GROUP, LLC; PRIVATE EQUITY MANAGEMENT GROUP, INC.; and DANNY PANG,<br><br>              Defendants. | CASE NO. CV09-2901 PSG (EX)<br><br>DEFENDANT DANNY PANG'S NOTICE AND MOTION FOR IMMEDIATE HEARING ON DEFENDANT'S MOTION TO DISSOLVE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[Filed concurrently with Defendant's Motion to (1) Dissolve Temporary Restraining Order; (2) Modify Grant of Expedited Discovery; and (3) Amend Order Freezing Assets]<br><br>Hearing: TBD |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 65(b)(4), Defendant Danny Pang hereby moves the Court for an Order granting an immediate hearing of his Motion to Dissolve the Temporary Restraining Order ("Motion to Dissolve") concurrently filed on Monday, May 4, 2009.

As set forth in the accompanying memorandum of points and authorities, the Court lacks jurisdiction to hear this case and, therefore, to issue the Temporary Restraining Order and associated orders. Moreover, defendant is suffering immediate and irreparable harm as a result of the Temporary Restraining Order obtained Ex Parte, without compliance with Rule 65 of the Federal Rules of Civil Procedure and contrary to well-established case law disfavoring secret proceedings.

Pursuant to Federal Rule of Civil Procedure 65, Mr. Pang provided the S.E.C. with the required two-day notice, and in light of the seriousness of the issues, Mr. Pang respectfully requests that the Court hold an immediate hearing on the Motion to Dissolve filed concurrently herewith.

This motion is based on the attached Memorandum of Points and Authorities, the Motion to Dissolve (which is incorporated herein), and such other evidence and arguments as may be presented at any hearing on this matter.

Dated: May 5, 2009                    LATHAM & WATKINS LLP


By   /S/ David J. Schindler
     David J. Schindler
     Attorneys for Defendant
     DANNY PANG

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Danny Pang brings this Motion for an Immediate Hearing based on the arguments made in Mr. Pang's concurrently filed Motion to (1) Dissolve Temporary Restraining Order; (2) Modify Grant of Expedited Discovery; and (3) Amend Order Freezing Assets ("Motion to Dissolve"), which is incorporated herein.

As set forth in the motion, the SEC proceeded *Ex Parte* without an adequate basis to do so and, accordingly, Mr. Pang did not have an opportunity to respond prior to the issuance of the Order that seized Mr. Pang's business, banned him from working at his business, seized all of Mr. Pang's possessions, and prohibits Mr. Pang from spending any of his money on anything, including hiring a lawyer. (*See, e.g.,* TRO ¶¶ IV –VI.)

Pursuant to Federal Rule of Civil Procedure 65, on April 30, 2009, Mr. Pang provided the SEC with two days notice of his intent to file the concurrently filed motion to dissolve. As set forth in Rule 65(b)(4), the Court has the ability to set an immediate hearing as "justice requires." In light of the serious deficiencies in the substance of the SEC's unverified Complaint and the process by which it has proceeded, Mr. Pang respectfully submits that an immediate hearing is warranted to relieve him of the ongoing and irreparable harm he is suffering.

Counsel for Mr. Pang conferred with counsel for the SEC regarding this request and counsel for the SEC objects to Mr. Pang's request for an immediate hearing.

Dated: May 5, 2009　　　　　　　　　LATHAM & WATKINS LLP


By   /S/ David J. Schindler
　　David J. Schindler
　　Attorneys for Defendant
　　DANNY PANG