**Link to doc 61**

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | May 18, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, LLC | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Denying Defendant's Ex Parte Application for an Expedited Hearing Date on Danny Pang's Motion to Remove Robert P. Mosier as Receiver**

Pending before the Court is Defendant's Ex Parte Application for an Expedited Hearing Date on Danny Pang's Motion to Remove Robert P. Mosier as Receiver. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby DENIES Defendant's Ex Parte Application.

I. Background

On May 13, 2009, Danny Pang ("Defendant") filed the instant ex parte application. Defendant seeks to move the hearing set on his motion to remove Robert P. Mosier as receiver from June 15, 2009 to June 1, 2009.

II. Discussion

The law on ex parte applications is well-settled in this circuit. In order to justify ex parte relief, the evidence must establish two things. First, that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal.

**Link to doc 61**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | May 18, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, LLC | | |

1995). Second, the moving party must also establish that she is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Id.* If there was any doubt as the limited circumstances under which parties should file ex parte applications, this Court's Standing Order makes clear that "[e]x parte applications are solely for extraordinary relief." *Standing Order*, ¶ 10.

Defendant's ex parte application is denied for the simple reason that it is considerably inadequately supported. In support of his ex parte application, Defendant argues that ex parte relief is warranted because his counsel learned from someone, at some point, that the receiver intends to close business operations in China and to terminate employees in China. *Lilley Decl.* ¶ 8. Even assuming that this information is relevant, the Court has serious questions as to the veracity of this information. For instance, who is the source of this information? How did counsel come into its receipt? How trustworthy is this informant? Has Defendant taken action to ensure the information is in fact truthful? These are questions that remain unanswered and which cause the Court concern.

As far as this Court is aware, no other court has granted ex parte relief based solely on some unverified hearsay. This comes as no surprise to the Court. After all, as the brief description of ex parte applications above suggests, given the exceptional circumstances under which ex parte relief is appropriate, the evidence in support of the ex parte application must be highly persuasive. For obvious reasons, the Court does not consider unverified hearsay to be evidence of that caliber.

It is ex parte applications such as this that galvanized Judge Edwards to exclaim that improperly filed ex parte applications are "detrimental to the administration of justice." *Mission Power Eng'g Co.*, 883 F. Supp. at 489. Indeed, it is ex parte applications such as this one that "increasingly erode the quality of litigation and present ever-increasing problems for the parties, their lawyers," and let us not forget, the Court. *Id.*

This Court's Standing Order cautions parties to use discretion in filing ex parte applications. *See Standing Order*, ¶ 10. Defendant and his counsel are hereby directed to reread that Order. The Court will not tolerate improper use of the ex parte mechanism. Accordingly, Defendant and his counsel are hereby warned that any further misuse of ex parte applications

**Link to doc 61**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | May 18, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, LLC | | |

may, as the Standing Order notes, result in the imposition of sanctions, including monetary sanctions. *See id.*

III.   Conclusion

Based on the foregoing, Defendant's ex parte application is DENIED.

**IT IS SO ORDERED.**