O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | May 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Granting in Part and Denying in Part the Receiver's Ex Parte Application for Further Instructions

    Pending before the Court is the Receiver's Ex Parte Application for Further Instructions. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS IN PART and DENIES IN PART the Receiver's Ex Parte Application.

I.    Background

    On April 27, 2009, the Court granted the Security and Exchange Commission's ("Plaintiff") ex parte application for temporary restraining order and, among other things, appointed Mosier & Company, Inc. as temporary receiver of defendant Private Equity Management Group, Inc. ("PEMG, Inc.") and defendant Private Equity Management Group, LLC ("PEMG, LLC"), "and their subsidiaries and affiliates . . . ." *See Temporary Restraining Order and Orders*, 5:10. Then, on May 19, 2009, the appointed receiver in this case, Robert P. Mosier (the "Receiver"), filed an ex parte application requesting further instructions as follows:

    (1) That the receiver is authorized to return title and possession of the Gulfstream Aerospace, Model No. G-IV, Serial No. 1007, Registration No. N575E and the Cessna Citation, Model No. 650 VII, Serial No. 650-7014, Registration No. N375E to VFS Financing, Inc., or its assignee.

    (2) That the Receiver is specifically authorized to take control of all funds and assets held by ERM Resources Ltd., GVEC Acquisitions, Inc., Equity Resources

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | May 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

Limited, Equity Resource Management (BVI) Limited, Fides Insurance Company Limited, and Irvine Insurance Company (BVI) Limited.

(3) That the Receiver is authorized to make payments for life insurance premiums on policies held for the benefit of certain investors from accounts in the Receiver's control held for the benefit of different investors.

The next day defendant Danny Pang ("Defendant") filed a partial opposition.

II.  Legal Standard

In order to justify ex parte relief, the evidence must establish two things.  First, that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Second, that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.  *Id.*

III.  Discussion

In its ex parte application, the Receiver makes three requests, each of which is evaluated in turn.

    A.  The Receiver's Request for an Order Relating to Two Corporate Jets

The Receiver's first request relates to two corporate jets which VFS Financing, Inc. financed for Inter Travel and Services, Inc.  *Mosier Decl.* ¶ 2.  The Receiver testifies that Inter Travel and Services, Inc. is a captive company of PEMG, Inc. and that prior to his involvement in this matter, PEMG, Inc. had taken steps to pursue surrender of the jets.  *Id.*  He further testifies that because Inter Travel and Services, Inc. cannot presently afford payments on these aircrafts, he has negotiated a full release of all claims in exchange for the turnover of the aircrafts.  *Id.*  However, the Federal Aviation Administration will not allow a transfer of title without a specific court order providing that (i) Inter Travel and Services, Inc. is an entity related to Private Equity Management Group, Inc. and is within the Receiver's administration and under the Receiver's control and (ii) that the Receiver is authorized to return title and possession of the aircrafts to VFS Financing, Inc., or its assignee.  *Id.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | May 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

Defendant does not oppose this request. *See Partial Opp.* 2:6-8 ("Mr. Pang has no objection to the Receiver's request for authorization to return title of the Gulfstream Aerospace and the Cessna Citation to VFS Financing, Inc. or its assignee.") Accordingly, the Court GRANTS this request.

> B. The Receiver's Request to Make Payments for Life Insurance Premiums on Policies Held By PEMG

The Receiver also requests specific authorization to make payments for life insurance premiums on policies held for the benefit of certain investors from accounts in the Receiver's control held for the benefit of different investors. The Receiver testifies that several of the tranches of investments lack sufficient resources to make the required premium payments to keep the life insurance policies effective. *Mosier Decl.* ¶ 4. The Receiver plans on using funds from tranches with adequate cash in order to ensure that the policies will not default. *Id.* Thus, absent an order authorizing such an expenditure, the investors of these policies for which there are insufficient funds will suffer financial loss. *Id.*

As was the case with the Receiver's first request, Defendant does not oppose this request. *See Partial Opp.* 2:8-10 ("Moreover, Mr. Pang fully concurs in the Receiver's request to make the payments for life insurance premiums on policies held by PEMG, which is vital to maintaining PEMG's assets."). Accordingly, the Court GRANTS this request.

> C. The Receiver's Request for Authorization to Seize Accounts in the British Virgin Islands

The Receiver's last request is for express authorization to seize the accounts of six entities, which the Receiver avers are affiliated with PEMG, Inc. and PEMG, LLC. *See Mosier Decl.* ¶ 3. According to the Receiver, although he already has full receivership authority over all funds and assets of PEMG, Inc., PEMG, LLC, and their subsidiaries and affiliates, he cannot enforce the Court's Order in the British Virgin Islands without another court order expressly naming and identifying these six entities. *Id.* Therefore, he moves for a court order specifically authorizing him to take control of all funds and assets held by the following: ERM Resources Ltd., GVEC Acquisitions, Inc., Equity Resources Limited, Equity Resource Management (BVI) Limited, Fides Insurance Company Limited, and Irvine Insurance Company (BVI) Limited.

Unlike with the previous two requests, Defendant opposes this request on essentially three grounds. First, Defendant argues that there is no urgency that requires that the requested

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | May 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

relief happen ex parte. Second, he contends that the Receiver has not demonstrated that this transfer is in the best interests of the estate. And, lastly, he argues that the Receiver has failed to show that the entities are affiliates of PEMG.

The Court begins its analysis by turning first to Defendant's last argument. It is Defendant's position that the spreadsheet, which is the main piece of evidence the Receiver relies on in support of his ex parte application, does not support the Receiver's conclusion that ERM Resources Ltd., GVEC Acquisitions, Inc., Equity Resources Limited, Equity Resource Management (BVI) Limited, Fides Insurance Company Limited, and Irvine Insurance Company (BVI) Limited are affiliates of PEMG, Inc. and PEMG, LLC. The Court agrees.

According to the Receiver, the spreadsheet evidences the fact that Fides Insurance Company Limited and Irvine Insurance Company (BVI) Limited are affiliated with PEMG, Inc. and PEMG, LLC. But clearly this is not the case. Neither Fides Insurance Company Limited nor Irvine Insurance Company (BVI) Limited are listed on the spreadsheet. Thus, the Court is left to wonder exactly how the spreadsheet supports the Receiver's conclusion on this point.

The spreadsheet also does not support the Receiver's conclusion that Equity Resources Limited is affiliated with PEMG, Inc. and PEMG, LLC through common ownership and/or control. According to the spreadsheet, Equity Resources Limited's sole shareholder, sole director/manager, and sole officer is another entity, The Allied Holding Group SA. *See Mosier Decl.*, Ex. 1, p. 10. However, it is entirely unclear how The Allied Holding Group SA is affiliated with PEMG, Inc. and PEMG, LLC. Thus, from the face of the spreadsheet, there is no link between Equity Resources Limited and PEMG, Inc. and PEMG, LLC.

These are just three of six examples of how the spreadsheet does not support the Receiver's conclusions and are reason enough to deny his request. There is, however, yet another at least equally if not more important reason to deny this request. The main piece of evidence relied upon by the Receiver has serious foundational issues. The Receiver claims that the spreadsheet was "provided by Private Equity Management Group, Inc." *Mosier Decl.* ¶ 3. Even assuming that this testimony cures any authentication issues that might exist, this statement does not by any means establish a proper foundation for this document. Exactly who provided it to the Receiver? How does the Receiver know that he is able to rely on this document? What steps has the Receiver taken to ensure that this document is in fact accurate? These are just a few of the many questions the Court has after reviewing the spreadsheet.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | May 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

      The serious issues regarding the lack of a proper foundation are fatal to the Receiver's ex parte application insofar as it relates to this request.  The Receiver's ex parte application rests heavily, if not entirely, on the spreadsheet.  However, as the Court cannot rely on this spreadsheet, it necessarily follows that the Receiver has not presented sufficient evidence to establish irreparable harm.  Accordingly, for this reason and those reasons stated above, the Court DENIES the Receiver's ex parte application insofar as it relates to his request to assume control of the six British Virgin Island entities.

      Lastly, the Court believes it is appropriate to note that this is the second time in this case that it has received an ex parte application that lacks proper evidentiary support.  The first instance involved an ex parte application filed by Defendant.  In denying that ex parte application, the Court admonished Defendant for improperly filing his ex parte application.  The Receiver is hereby directed to review that Order, as well as this Court's Standing Order, particularly paragraph 10.  And just as the Court did with Defendant and his counsel, the Court hereby warns the Receiver and his counsel that any further misuse of ex parte applications may, as the Standing Order notes, result in the imposition of sanctions, including monetary sanctions. *See Standing Order,* ¶ 10.

IV.    <u>Conclusion</u>

      Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART the Receiver's ex parte application.  Specifically:

      IT IS ORDERED that Inter Travel and Services, Inc. is an entity related to Private Equity Management, Group, Inc. and is within the Receiver's administration and under the Receiver's control.  The Receiver is specifically authorized to return title and possession of the Gulfstream Aerospace, Model No. G-IV, Serial No. 1007, Registration No. N575E and the Cessna Citation, Model No. 650 VII, Serial No. 650-7014, Registration No. N375E to VFS Financing, Inc., or its assignee.

      IT IS FURTHER ORDERED that the Receiver is authorized to make payments for life insurance premiums on policies held for the benefit of certain investors from accounts in the Receiver's control held for the benefit of other investors.

      All other requests made in the ex parte application are hereby DENIED.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | May 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

**IT IS SO ORDERED.**