O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

3
LINK #140

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | July 2, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(In Chambers) Order Granting the Receiver's Motion for Clarification**

Pending before the Court is the Receiver's Motion for Clarification. The Court heard oral argument on this matter on June 29, 2009. After considering the moving and opposing papers, as well as all oral argument, the Court GRANTS the Motion for Clarification.

I.      Background

On April 24, 2009, the Securities and Exchange Commission (the "SEC") initiated an action against defendants Private Equity Management Group, Inc. ("PEMG, Inc."), Private Equity Management Group LLC ("PEMG") (collectively, "PEMGroup"), and Danny Pang ("Pang") (all, collectively, "Defendants"). These two entities and this individual are the only named defendants in the SEC action.

On April 27, 2009, the Court appointed Robert P. Mosier ("Mosier" or the "Receiver") as temporary receiver of PEMGroup. The Court's order states generally that Mosier will be the receiver for "all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property" that belong to, are being managed by, or in the possession of or control of PEMGroup "and any of their subsidiaries and affiliates . . . ." *TRO*, ¶ VI.

Presently, the Receiver moves this Court for an order clarifying the order appointing him. Specifically, the Receiver requests that the Court make explicit the Receiver's authority over six entities: GVEC Resource, Inc., GVEC Resource II, Inc., GVEC Resource III, Inc., GVEC

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**3**
**LINK #140**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | | Date | July 2, 2009 |
|---|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | | |

Resource IV, Inc., Fides Insurance Company Limited ("Fides"), and Irvine Insurance Company (BVI) Ltd. ("Irvine Insurance") (collectively, the "Entities in Dispute").[1]

II.     Discussion

        Ultimately, whether the Court grants the Receiver's motion depends on the answer to two different, but related, inquiries.  First, are the Entities in Dispute separate and distinct from the entity defendants or are they affiliates of the entity defendants?  And, second, does the Court have the power to include the Entities in Dispute in the receivership estate?  Each of these inquiries is taken up in turn.

        A.     Whether the Entities in Dispute Are Separate and Distinct From or Affiliates of the
               Entity Defendants

        In opposition to the Receiver's motion, Pang argues that the Entities in Dispute are separate and distinct from the entity defendants.  The Receiver, by contrast, contends that the Entities in Dispute are merely the alter egos of the entities already within the receivership estate.  Thus, he urges the Court to disregard these alter egos and bring the Entities in Dispute within the estate.

        "Under federal law, a corporate entity may be disregarded in the interests of public convenience, fairness, and equity."  *SEC v. Elmas Trading Corp.*, 620 F. Supp. 231, 234 (D. Nev. 1985).  In applying this rule, federal courts "look closely at the purpose of the federal statute involved to determine whether it places importance on the corporate form."  *Id.* (citing *Town of Brookline v. Gorsuch*, 667 F.2d 215, 220 (1st Cir. 1981); *Capital Telephone Comp. Inc. v. F.C.C.*, 498 F.2d 734, 738 (D.C. Cir. 1974)).

        This case arises under the federal securities laws and is being prosecuted by the SEC, who appears before this Court, "not as an ordinary litigant, but as a statutory guardian charged with safeguarding the public interest in enforcing the securities laws."  *SEC v. Mgm't Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975).   Based on the government's keen interest in preventing

---

[1] This is the Receiver's second time in seeking an order on these issues.  His first attempt came by way of an *ex parte* application for instructions, which the Court, on May 18, 2009, denied based on a lack of exigency and an insufficient showing that these entities were affiliated with the entity defendants.  *See* Dkt. # 80.

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

3
LINK #140

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | July 2, 2009 |
|----------|---------------------|------|--------------|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

securities fraud, the Court believes it is appropriate to apply a "more flexible approach" in determining whether the corporate entity should be disregarded. *See Elmas Trading Corp.*, 620 F. Supp. at 234.

In *Elmas Trading Corp.*, the district court found several facts to be significant, including the presence of overlapping control persons among various entities and the transference of monies between various entities. *Id.* at 234-35. As is explained in more detail below, a review of who controls the Entities in Dispute as well as who has authority to transfer money from these entities raises an inference of intertwined operations between the Entities in Dispute and the entity defendants. First, though, a brief overview of the entity defendants and who controls them is warranted.

       1.    <u>Overview of the Entity Defendants</u>

Eight individuals appear to exert significant control over the entity defendants. They are as follows:

Pang is a managing member of PEMG, and, according to PEMG's Operating Agreement (which Pang signed), is a "Founding Member" of the company. *See Mosier Decl.*, Exs. A-B (Dkt. # 142).[2] He is also the president and one of the directors of PEMG, Inc. *See id.*, Ex. C; *Cebeci Supp. Decl.* ¶ 3 (Dkt. # 9).

Like Pang, Robert J. Anderson ("Anderson") is a managing member of PEMG and is identified as a "Founding Member" of the company in PEMG's Operating Agreement (which Anderson signed). *See Mosier Decl.*, Exs. A-B. Also, he is currently the interim Chairman of PEMG, Inc. and, in the past, has served as PEMG, Inc.'s Chief Operations Officer. *Anderson Decl.* ¶ 1 (Dkt. # 39).

Nasar Aboubakare ("Aboubakare"), like Pang and Anderson, is a managing member of PEMG and is identified as a "Founding Member" of the company in PEMG's Operating Agreement (which Aboubakare signed). *See Mosier Decl.*, Exs. A-B. As for his connection with PEMG, Inc., he was the managing director of PEMG, Inc. from 2002 through 2005, Chief Investment Officer of PEMG, Inc. from 2005 through August 2007, and President of PEMG, Inc. from 2006 though August 2007. *See Aboubakare Decl.* ¶ 3 (Dkt. # 56).

---

[2] Pang has raised no objections to the evidence the Receiver has attached to his declaration.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**3**
**LINK #140**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | | Date | July 2, 2009 |
|---|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | | |

Wilbur Quon ("Quon") is a managing member of PEMG.  *See Mosier Decl.*, Ex. A.  With respect to his connection to PEMG, Inc., the Secretary State of Nevada's Entity Details identifies him as PEMG, Inc.'s treasurer and a director on its board.  *Id.*, Ex. C.  He also served as the Chief Financial Officer of PEMG, Inc. from October 8, 2004 until April 16, 2009.  *Quon Decl.* ¶ 2 (Dkt. #43).  Prior to serving in that position, he was the company's Controller.  *Id.*

Peter Paul Mendel ("Mendel") is a managing member of PEMG.  *See Mosier Decl.*, Ex. A.  He is also an employee of PEMG, Inc., *Mendel Decl.* ¶ 1 (Dkt. # 59), as well as its secretary and a director on its board.  *See Mosier Decl.*, Ex. C.

Leon Chan ("Chan") is a managing member of PEMG and a director of PEMG, Inc.  *See id.*, Exs. A, C.

Like Chan, Todd Gillespie ("Gillespie") is a managing member of PEMG and a director of PEMG, Inc.  *See id.*, Exs. A, C.

Steven A. Blair ("Blair") served as chief in-house counsel for PEMGroup.  *Mosier Decl.* ¶ 23.  He also has a dedicated executive office at PEMGroup.  *Id.*

> 2. Overview of the Entities in Dispute

An overview of the Entities in Dispute shows that there is noticeable overlap between who controls the Entities in Dispute and the entity defendants.  There is also sufficient evidence showing that people who control the entity defendants have authority to transfer money from and between the Entities in Dispute and the entity defendants.

> a. GVEC Resource, Inc.

A confidential private offering memorandum ("CPOM") issued by GVEC Resource, Inc. identifies Chan, Aboubakare, and Anderson as its directors.  *See Mosier Decl.*, Ex. E.

> b. GVEC Resource II, Inc.

Two documents provided to the Receiver by PEMGroup staff from PEMGroup records, one of which is a CPOM issued by GVEC Resource II, Inc., identify Chang, Aboubarake, Anderson, and Quon as directors of GVEC Resource II, Inc.  *See id.*, Exs. F, G.  The CPOM also

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**3**
**LINK #140**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | | Date | July 2, 2009 |
|---|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | | |

indicates that PEMGroup is the servicer of offerings issued under the CPOM, that subscription documents should be returned to PEMGroup's Irvine, California office, and that requests for additional information should be directed to Gillespie. *Id.*, Ex. G. A third document, a Trustee Agreement, which is signed by Anderson and Aboubarake in their official capacities as directors, indicates that "[a]ll notices, directions, consents, instructions or communications" under that agreement should be sent to PEMGroup's Irvine, California office. *Id.*, Ex. K.

There is also evidence that Quon and Anderson had authority to transfer money from GVEC Resource II, Inc. to other entities. *See id.*, Ex. I (wire transfer of $1.5 million from GVEC Resource II, Inc. to Irvine Insurance); *see also id.*, Ex. J (wire transfer of $1,244,000 from GVEC Resource II, Inc. to Fides). Moreover, there is evidence that Pang repeatedly authorized the transfer of funds from GVEC Resource II, Inc. to PEMGroup. *See Perez Decl.* ¶¶ 6-7 and accompanying exhibits.

c.   GVEC Resource III, Inc.

A document provided to the Receiver by PEMGroup staff from PEMGroup records identifies Chang, Aboubakare, Anderson, and Quon as directors of GVEC Resource III, Inc. *Mosier Decl.*, Ex. L. A CPOM issued by GVEC Resource III, Inc. confirms that these three do indeed serve as directors of this entity. *Id.*, Ex. M. Also, like the CPOM issued by GVEC Resource II, Inc., this CPOM provides that subscription documents should be returned to PEMGroup's Irvine, California office, and that requests for additional information should be directed to Gillespie. *Compare id. with* Ex. G.

Lastly, the Court observes that there is evidence that Anderson and Quon had authority to transfer funds from GVEC Resource III, Inc. to other entities. *See id.*, Ex. N (wire transfer for $1,349,600 to Fides).

d.   GVEC Resource IV, Inc.

A document provided to the Receiver by PEMGroup staff from PEMGroup records identifies Chang, Aboubakare, Anderson, and Quon as directors of GVEC Resource IV, Inc. *Id.*, Ex. O. A CPOM issued by GVEC Resource IV, Inc. confirms that Aboubakare, Anderson, and Quon are directors of this entity. *Id.*, Ex. P.[3] Also, like the CPOMs issued by GVEC Resource

---

[3] Chang is not identified as a director in the CPOM. *See id.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**3**
**LINK #140**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | July 2, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

II, Inc. and GVEC Resource III, Inc., this CPOM provides that subscription documents should be returned to PEMGroup's Irvine, California office, and that requests for additional information should be directed to Gillespie.  *Compare id. with* Exs. G & M.

Additionally, there is evidence that Anderson and Quon had authority to transfer funds from GVEC Resource IV, Inc. to other entities.  *See id.*, Ex. Q (wire transfer for $4,508,000 to Fides).  Moreover, there is evidence that Pang repeatedly authorized the transfer of funds from GVEC Resource IV, Inc. to PEMGroup.  *See Perez Decl. ¶¶* 3-5 and accompanying exhibits.

  e.  <u>Fides Insurance Company Limited</u>

Both Aboubarake and Blair hold a substantial number of shares in Fides.  As evidenced by two Business Company Share Certificates, dated December 16, 2006, Aboubarake is the registered holder of 255,000 shares of Fides, while Blair is the registered holder of 45,000 shares issued by Fides.  *See Mosier Decl.*, Exs. R-S.  Blair is also a director of Fides.  *Id.*, Ex. T.  Moreover, the notes to a financial statement prepared by Fides state that Fides is an "associate" of PEMGroup.  *Id.*

  f.  <u>Irvine Insurance Company (BVI) Limited</u>

Irvine Insurance has four directors.  *See id.*, Ex. U.  Two of these directors are Blair and Anderson.  *Id.*  Blair also serves as Chief Executive Officer of Irvine Insurance.  *See id.* at ¶ 23 & Ex. V.

  3.  <u>Analysis</u>

There is substantial similarity between who controls the entity defendants and who controls the Entities in Dispute.  Additionally, there is sufficient evidence demonstrating that those who had control over the Entities in Dispute had control over their funds, which they moved with apparent ease amongst the Entities in Dispute and between the Entities in Dispute and the entity defendants.  *See, e.g., Mosier Decl. ¶¶* 10, 11, 15, 18 and accompanying exhibits; *Perez Decl. ¶¶* 3-7 and accompanying exhibits.  For the foregoing reasons, the Court finds that the Receiver has adequately established that the Entities in Dispute are affiliates of the entity defendants.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

3
LINK #140

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | July 2, 2009 |
|----------|---------------------|------|--------------|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

B. <u>Whether the Court Has Power to Include the Property of the Entities in Dispute in the Receivership Estate</u>

Simply because the Entities in Dispute are affiliates of the entity defendants does not necessarily mean that the Court has the power to include their property in the receivership estate. Indeed, despite enjoying "wide discretion" when fashioning relief and protective measures, this Court may only include the property of a non-party entity in its receivership order if "the non-party meets the minimum contacts standard set out in *International Shoe* and receives actual notice and an opportunity for a hearing." *In re San Vicente Medical Partners, Ltd.*, 962 F.2d 1402, 1406-08 (9th Cir. 1992).

Here, there are sufficient contacts with the forum to support assertion of jurisdiction over the six entities' property without offending due process requirements. There is uncontroverted evidence that the six entities were at least partly operated from Irvine, California. *See Mosier Decl.* ¶ 26. Indeed, the Receiver has testified that the entities' mail and bank account information was received at PEMGroup offices, and business was conducted on the entities' behalf from PEMGroup's offices. *Id.* Therefore, assertion of jurisdiction over the entities' property does not violate due process under the minimum contacts analysis.

As for whether exercising jurisdiction over the entities' property is consistent with "traditional notions of fair play and substantial justice," *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)), clearly it is. With the exception of Blair, who lives abroad, the burden of litigating in California is not too great on the Entities in Dispute. In fact, the opposite appears to be true. The vast majority of the main players in the entities' governance structure are already playing active roles in the underlying litigation, and they have not once expressed any concern regarding the inconvenience of litigating in this forum. If anything, it seems that it would actually be inconvenient to these individuals if this matter was not litigated in this forum.

Also, despite Pang's arguments to the contrary, the entities have received notice of this action, thus satisfying procedural due process. *See Shaffer v. Heitner*, 433 U.S.186, 206, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977) (observing "that property cannot be subjected to a court's judgment unless reasonable and appropriate efforts have been made to give the property owners actual notice of the action"). This is true despite the fact that the Entities in Dispute were not named as parties in the SEC action. As the Ninth Circuit has explained, "notice is satisfied when

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**3**
**LINK #140**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | | Date | July 2, 2009 |
|---|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | | |

'the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'"  *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir. 1994) (citation omitted) (discussing notice in the Federal Rule of Civil Procedure 15 context).  In this case, the entity defendants not only formed and managed the Entities in Dispute, but in many instances also directed the day-to-day financial transactions of the Entities in Dispute.  *See Pujii Decl.*, Ex. A, pp. 4-8 (Aboubarake testimony from a June 10, 2009 deposition).  In other words, the entity defendants had "substantial control" over the Entities in Dispute.  *Id.* at p. 8.  Thus, given the strong link between the entity defendants and the Entities in Dispute, the Court finds that the institution of an action against the entity defendants served to provide notice of the litigation to the Entities in Dispute.[4]

III.   Conclusion

Based on the foregoing, the Court orders as follows:

The following entities are affiliates of PEMGroup for purposes of application of this Court's July 2, 2009 preliminary injunction:

A.  GVEC Resource, Inc.

B.  GVEC Resource II, Inc.

C.  GVEC Resource III, Inc.

D.  GVEC Resource IV, Inc.

---

[4] Pang also argues that the Entities in Dispute are outside of the Receiver's jurisdiction because the Eastern Caribbean Supreme Court in the High Court of Justice, BVI, has recently appointed a provisional liquidator over one of these entities, GVEC Resource IV, Inc.  *See Regenstrief Decl.* ¶ 3, Ex. 1.  This appointment, Pang contends, strips the Court of all jurisdiction in this matter in relation to all of the Entities in Dispute.  However, there are two problems with this argument.  First, Pang provides no legal support for his position that the appointment does in fact strip the Court of jurisdiction over GVEC Resources IV, Inc.  The second problem with his argument is that even assuming that the appointment of a provisional liquidator strips this Court of jurisdiction over GVEC Resources IV, Inc., he has provided absolutely no support for his contention that the appointment strips the Court of jurisdiction over the other five entities in dispute.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

3
LINK #140

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | July 2, 2009 |
|----------|---------------------|------|--------------|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

E.  Fides Insurance Company Limited ("Fides").

F.  Irvine Insurance Company (BVI) Limited.[5]

**IT IS SO ORDERED.**

---

[5] The Receiver filed an amended proposed order with its reply.  The difference between the original proposed order and the amended proposed order is that the original proposed order listed only the Entities in Dispute.  The amended proposed order, however, lists two additional entities:  Genesis Voyager Equity Corporation and GVEC Acquisitions, Inc.  Those entities are not properly before the Court.  Accordingly, the Court DENIES the Receiver's request to bring Genesis Voyager Equity Corporation and GVEC Acquisitions, Inc. within the receivership estate, without prejudice.