O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

4

# CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | July 2, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):              Attorneys Present for Defendant(s):

Not Present                                                    Not Present

**Proceedings:**     (In Chambers) Order Granting the Receiver's Request for Further Instructions

Pending before the Court is the Receiver's Request for Further Instructions. The Court heard oral argument on this matter on June 29, 2009. After considering the moving and opposing papers, as well as all oral argument, the Court GRANTS the Receiver's Request for Further Instructions.

I.    Background

On May 14, 2009, Robert P. Mosier (the "Receiver") filed an Addendum to the Receiver's First Status Report (the "Addendum"). In the Addendum, the Receiver sought instruction regarding five different points. *See Addendum to the Receiver's First Status Report* at pp. 9-10 (Dkt. # 66). Currently, the Receiver and Pang agree that the two outstanding instructions sought by the Receiver involve application of the TRO (now a preliminary injunction) to the following two issues: (1) the termination of Daily & Knudson Law Group, LLC ("Daily & Knudson") as trustee and life settlement portfolio administrator, and (2) the transfer of title of certain assets recently pledged by Pang and entities under his control to the British Virgin Island Entities (the "BVI entities") from which he and his entities borrowed $9.5 million over the last 18 months.

II.   Discussion

Each of the Receiver's two requests is evaluated in turn, beginning first with his request

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | July 2, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

to transfer the title of certain assets recently pledged by Pang and entities under his control to the BVI entities from which he and his entities borrowed $9.5 million.

    A.    <u>The Receiver's Request for an Order Directing the Change in Title of Certain Assets "Pledged" by Pang</u>

As evidenced by two different loan agreements and promissory notes, Pang, as president of LSPC, Inc. and "Absolute Guarantor," borrowed $2 million from GVEC Resource IV, Inc. on January 31, 2008, and then borrowed an additional $2.5 million from GVEC Resource IV, Inc. on April 22, 2008. *See Mosier Decl.*, Exs. A-B (Dkt. # 118). Also, Pang, as president of LSPC, Inc. and "Absolute Guarantor," borrowed $2.5 million twice from GVEC Resource II, Inc. under two different loan agreements and promissory notes. *See id.*, Exs. C-D. In total, Pang, as president of LSPC, Inc. and "Absolute Guarantor" borrowed $9.5 million from two different GVEC entities.

On April 9, 2009, Pang pledged certain assets as collateral for the $9.5 million he borrowed on behalf of LSPC, Inc. *See id.*, Ex. E. Presently, the Receiver requests to transfer the title of those pledged assets to those BVI entities from which Pang and his entities borrowed $9.5 million. Pang objects to this request on three grounds. First, he contends that none of the four lenders in the pledge agreement – GVECR IV 2006 D, GVEC IV 2006 A, GVECR II 2008 G, and GVECR II 2008 A – are subject to the Court's preliminary injunction or jurisdiction. Second, he asserts that "the Receiver has not established that the requested title transfer is in the interest of the estate." And, lastly, he states that the collateral he holds is "safe from dissipation," thus suggesting that there is no need for this instruction.

All three of Pang's arguments can be rejected. Beginning with his first argument, this Court has already determined that GVEC Resource II, Inc. and GVEC Resource IV, Inc. are affiliates of the Receiver and are therefore within the receivership estate. *See Order Granting the Receiver's Request for Clarification.* Thus, contrary to Pang's arguments otherwise, GVECR IV 2006 D, GVEC IV 2006 A, GVECR II 2008 G, and GVECR II 2008 A, which are related to GVEC Resource II, Inc. and GVEC Resource IV, Inc., are in fact within the Court's order and jurisdiction. As for Pang's arguments that the collateral held by Pang is "safe from dissipation" and that "the Receiver has not established that the requested title transfer is in the interest of the estate," noticeably absent from Pang's opposition is any evidence to support these contentions. By contrast, the Receiver has represented that Pang has failed to turn over any

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | July 2, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

property owned by him to the Receiver. Thus, the evidence suggests that the collateral is not in fact "safe from dissipation." It follows, then, that if the collateral is not safe from dissipation, then certainly the estate has a very strong interest in ensuring that $9.5 million in loans are eventually returned to it.

For these reasons, the Court finds that it is appropriate to transfer title of certain assets recently pledged by Pang and entities under his control to the BVI entities from which he and his entities borrowed $9.5 million over the last 18 months.

B. <u>The Receiver's Request for an Order Directing the Termination of Daily & Knudson and the Appointment of Asset Servicing Group</u>

In addition to the foregoing request, the Receiver has also requested an order that authorizes him to terminate Daily & Knudson as trustee and life settlement portfolio administrator, and that also allows him to appoint Asset Servicing Group LLC as administrator for Private Equity Management Group, Inc.'s and Private Equity Management Group LLC's (collectively, "PEMGroup") life settlement portfolio.[1] Pang objects to this request on two alternative grounds. First, Pang argues that the Receiver has not indicated why the proposed replacement will be in the best interest of the estate. Second, Pang contends that the Receiver has failed to provide any assurances to the Court that the proposed replacement will not jeopardize any of the life settlement policies at issue. As discussed below, both of these arguments are unavailing.

The trust agreements at issue, which are signed by PEMGroup employees and the named partners of Daily & Knudson, require Daily & Knudson to, inter alia, "serve as a Trustee in connection with the acquisition and maintenance of the Transaction Assets and cash or cash-equivalents." *See, e.g., Mosier Decl.*, Ex. H at pp. 1, 9 (Dkt. # 118). However, according to the Receiver, in practice Daily & Knudson performed two primary functions. First, whenever PEMGroup wanted to direct cash transfers out of GVEC accounts, Daily & Knudson forwarded

---

[1] On June 19, 2009, Daily & Knudson filed an ex parte application to shorten time to file a motion to intervene. Specifically, Daily & Knudson requested that the Court set a briefing schedule that would allow the motion to intervene to be heard at the June 29, 2009 hearing. The fact that the June 29, 2009 hearing has passed has effectively rendered this ex parte application moot.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | July 2, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

these instructions to the relevant bank.  *See id.*, Ex. I.  Second, Daily & Knudson administered the PEMGroup life settlement portfolio.

Now it is Pang's position that the Court should deny this request because the Receiver does not indicate why the proposed replacement will be in the best interest of the estate.[2] Although unclear from Pang's opposition, it seems that he believes that at least one reason why this replacement will not be in the best interests of the estate is because there is a potential that the replacement will violate various contractual agreements.  But this seems unlikely given that the trustee agreements to do not limit the grantor's ability to terminate Daily & Knudson.  For instance, the trustee agreement between GVEC Resource II and Daily & Knudson provides:

> **A.      Termination.**
>
> 1.      <u>Removal of Trustee</u>.  The Trustee may be removed upon thirty (30) days' prior written notice by the Grantor to the Trustee, and the appointment of a substitute trustee (the "***Substitute Trustee***").  Notwithstanding the foregoing, the Grantor may, at any time and its sole discretion with no additional notice, remove and/or revoke this Agreement and the Trustee's appointment as Trustee upon the occurrence of [inter alia] . . . fraud, dishonesty or similar malfeasance by the Trustee . . . .

*Mosier Decl. in Support of Reply*, Ex. F, p. 4 (Dkt. # 151) (emphasis in original).  Thus, if the Receiver can stand in the grantor's place, then it follows that the Receiver has discretion to remove Daily & Knudson with or without cause so long as the Receiver complies with the foregoing provision.

As noted above, this Court has already determined that the BVI entities are within the receivership estate.  Accordingly, it follows that the Receiver, standing in these entities' stead, can terminate Daily & Knudson.  Notably, there appears to be good reason to do so in this case.

---

[2] Pang also argues that the Court should deny this request because the Receiver has not secured an opinion of counsel confirming that the termination of Daily & Knudson will not cause defaults and losses under the offering memoranda and expose PEMGroup and others to additional liability or secured a bond to protect the PEMGroup estate in the event the replacement of the trustee does cause any defaults or otherwise causes a loss to the estate.  However, Pang fails to cite to any case or statute that requires an opinion of counsel or a bond before a receiver is permitted to terminate a trustee.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | July 2, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

Daily & Knudson received approximately $2.5 million in annual compensation for its services as trustee for services which, as noted above, are quite limited. The Receiver has represented that the proposed replacement of Daily & Knudson will "save the receivership a significant expense." Thus, in an economical sense, it actually appears that terminating Daily & Knudson will help, not hurt, the estate. Moreover, there is sufficient evidence that substantiates the Receiver's claim that Daily & Knudson's relationship with PEMGroup and Pang is "rife with conflicts of interest."

Therefore, the Court finds that, to the extent that the Receiver seeks to terminate Daily & Knudson and replace it with the proposed substitute in relation to the trustee agreements, the Receiver may do so.

III.    Conclusion

Based on the foregoing, the Court GRANTS the Receiver's requests for further instructions as follows:

A. With respect to GVEC Resource, Inc., GVEC Resource II, Inc., GVEC Resource III, Inc., GVEC Resource IV, Inc., the Receiver may terminate the services of Daily & Knudson Law Group LLC as trustee of the PEMGroup investments and may engage Asset Servicing Group LLC to act as the servicer with respect to the settlement, ongoing administration and servicing of the PEMGroup life insurance policy portfolio; and,

B. The Receiver may change title of the following assets into the name of PEMGroup:

   a. 7942 Primrose Lane, Highland, CA 92346

   b. 7955 Primrose Lane, Highland, CA 92346

   c. 7941 Primrose Lane, Highland, CA 92346

   d. 7917 Primrose Lane, Highland, CA 92346

   e. 7913 Midhurst Lane, Highland, CA 92346

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | July 2, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

      f.  7965 Midhurst Lane, Highland, CA 92346

      g.  1346 & 1348 D Street, San Bernardino, CA

      h.  9091 Post Road, Las Vegas, NV

      i.  858 and 860 South Coast Hwy, Laguna Beach, CA

      j.  241 and 251 St. Anns, Laguna Beach, CA

      k.  666 units of membership interest in Lunchbox Lessons LLC

      l.  All equity securities of Concordia Financial Services Fund, L.P., a Delaware limited partnership, held by Danny Pang.

      m.  All equity securities of Irvine Capital Holdings LLC, a Delaware limited liability company, held by Danny Pang.

      n.  All equity securities of Irvine Capital Holdings LLC, a Nevada limited liability company, held by Danny Pang.

Accordingly, the Court has executed the Amended Proposed Order.