DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov
LORRAINE B. ECHAVARRIA, Cal. Bar No. 191860
Email: echavarrial@sec.gov
PARIS WYNN, Cal. Bar No. 224418
Email: wynnp@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

E-FILED
AUG - 4 2009
Document # ____

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

PRIVATE EQUITY MANAGEMENT GROUP, LLC; PRIVATE EQUITY MANAGEMENT GROUP, INC.; and DANNY PANG,

Defendants.

Case No. CV 09-2901 PSG (Ex)

**~~[PROPOSED]~~ PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) APPOINTING A PERMANENT RECEIVER; (3) REPATRIATING ASSETS; (4) REQUIRING ACCOUNTINGS; (5) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (6) SURRENDERING THE PASSPORT OF DANNY PANG**

This matter came to be heard upon Plaintiff Securities and Exchange Commission's ("Commission") *Ex Parte* Application For A Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Repatriating Assets; (4) Requiring Accountings; (5) Prohibiting The Destruction Of Documents; (6) Granting Expedited Discovery; (7) Surrendering the Passport of Danny Pang; And Order To Show Cause Re Preliminary Injunction And Appointment Of A Permanent Receiver (the "Application"). On April 27, 2009, the Court granted the Commission's Application and ordered the defendants to show cause, if there be any, why a preliminary injunction should not be granted and a permanent receiver appointed in accordance with the complaint filed by the Commission.

The Court, having considered the Commission's Complaint, the Application, the supporting Memoranda of Points and Authorities, Declarations and Exhibits, and all other evidence and argument presented regarding the Application, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. Good cause exists to believe that defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang (collectively, "Defendants"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. The Commission has demonstrated a probability of success on the merits and the possibility of dissipation of assets.

D. Good cause exists to believe that Defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

E. Good cause exists to believe that Danny Pang may seek to leave the United States in order to avoid responsibility for the fraudulent acts alleged herein.

**I.**

IT IS HEREBY ORDERED that the Commission's Application For A Preliminary Injunction and Orders: (1) Freezing Assets; (2) Appointing a Permanent Receiver; (3) Repatriating Assets; (4) Requiring Accountings; (5) Prohibiting The Destruction Of Documents; and (6) Surrendering the Passport of Danny Pang is hereby GRANTED.

**II.**

IT IS FURTHER ORDERED that Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

A. employing any device, scheme or artifice to defraud;

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which

operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**III.**

IT IS FURTHER ORDERED that Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme, or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**IV.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained

and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located and in whatever form such assets may exist, of Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them, and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or the credit arrangement, of Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang.

**V.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets in whatever form such assets may exist and wherever located (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution, brokerage firm, or Internet or "e-currency" payment processor, all certificates of deposit, and other funds or assets, such as personal or real property, held in the name of, for the benefit of, or over which account authority is held by Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang or any trust, partnership, joint venture, person or entity affiliated with them (including subsidiaries), including but not limited to accounts at the following institutions: (1) HSBC Bank; (2) East West Bank; (3) UBS Securities; and (4) Bank of America.

///

## VI.

IT IS FURTHER ORDERED that Robert P. Mosier is appointed as permanent receiver of Private Equity Management Group, Inc. and Private Equity Management Group, LLC, and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, including notes, deeds of trust and other interests in real property, belonging to, being managed by, or in the possession of or control of Private Equity Management Group, Inc. and Private Equity Management Group, LLC, and any of their subsidiaries and affiliates, and that such permanent receiver is immediately authorized, empowered and directed:

A. to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, including notes, deeds of trust and other interests in real property, of Private Equity Management Group, Inc. and Private Equity Management Group, LLC and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, sell, liquidate, collect, receive, and take into possession all such property;

B. to have control of, and to be added as the sole authorized signatory for all accounts of Private Equity Management Group, Inc. and Private Equity Management Group, LLC and their subsidiaries and affiliates, including all accounts over which Private Equity Management Group, Inc. and Private Equity Management Group, LLC and any of their officers, employees or agents, have signatory authority, at any bank, title company, escrow agent, financial institution or brokerage firm

      that has possession, custody or control of any assets or funds of Private Equity Management Group, Inc. or Private Equity Management Group, LLC, in whatever form such assets may exist and wherever located, or which maintains accounts over which Private Equity Management Group, Inc. or Private Equity Management Group, LLC and/or any of their officers, employees or agents have signatory authority;

C.    to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of, or managed by, Private Equity Management Group, Inc. and Private Equity Management Group, LLC and their affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D.    to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of, or managed by, Private Equity Management Group, Inc. or Private Equity Management Group, LLC or their affiliates;

E.    to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of Private Equity Management Group, Inc. and Private Equity Management Group, LLC and the assets under their management, including all notes, deeds of trust and other interests in real property, and to file the accounting with the Court and deliver copies thereof to all parties;

F.    to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him, and to incur, or authorize the making of such agreements as may be necessary and advisable in discharging his duties as temporary

receiver;

G. to employ attorneys, accountants, and others to investigate, advise and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist, including in state or federal courts, or in foreign jurisdictions, as a result of the activities of present or past employees or agents of Private Equity Management Group, Inc. and Private Equity Management Group, LLC;

H. to have access to and monitor all mail of Private Equity Management Group, Inc. and Private Equity Management Group, LLC, in order to review such mail which he deems relevant to the business of Private Equity Management Group, Inc. and Private Equity Management Group, LLC, and the discharging of his duties as temporary receiver, and to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to Private Equity Management Group, Inc. and Private Equity Management Group, LLC or to any of its subsidiaries or affiliates;

I. to operate and control the content of information posted on Private Equity Management Group, Inc. and Private Equity Management Group, LLC Internet web sites;

J. to seek discovery from parties and non-parties without regard to the timing limitations set forth in Federal Rules of Civil Procedure 26(d)(1); and

K. to exercise all of the lawful powers of Private Equity Management Group, Inc. and Private Equity Management Group, LLC and their officers, directors, employees, representatives, or persons who exercise similar powers and perform similar duties.

///

**VII.**

IT IS FURTHER ORDERED that Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers, notes, deeds of trust and other interests in real property, or other property of, or managed by, Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang, shall forthwith give access to and control of such property to the permanent receiver.

**VIII.**

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang, or their subsidiaries or affiliates shall take any action or purport to take any action, in the name of or on behalf of Defendants Private Equity Management Group, Inc. or Private Equity Management Group, LLC or any of their subsidiaries and affiliates, including posting any information on any Internet websites that purports to be any communication on behalf of Defendants Private Equity Management Group, Inc., and Private Equity Management Group, LLC, without the written consent of the permanent receiver or order of this Court.

**IX.**

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Private Equity Management Group, Inc. or Private Equity Management Group, LLC, or their affiliates and subsidiaries, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, or other person, including sheriffs, marshals, servants,

agents, employees, and attorneys, are hereby preliminarily restrained and enjoined from, directly or indirectly, with respect to Private Equity Management Group, Inc., and Private Equity Management Group, LLC and their subsidiaries and affiliates:

A. commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against Private Equity Management Group, Inc. or Private Equity Management Group, LLC or any of their subsidiaries and affiliates;

B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Private Equity Management Group, Inc. or Private Equity Management Group, LLC or any of their subsidiaries or affiliates, wherever situated; and

C. doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or in the possession of Private Equity Management Group, Inc. or Private Equity Management Group, LLC, or any of their subsidiaries or affiliates, or in any way to interfere with or harass the permanent receiver, or his attorneys, accountants, employees or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

**X.**

IT IS FURTHER ORDERED that Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang, and their subsidiaries and affiliates and their officers, agents, servants, employees and

attorneys, shall cooperate with and assist the permanent receiver, his attorneys, accountants, employees and agents, and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver, his attorneys, accountants, employees or agents in the course of the permanent receiver's duties. Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang, and their subsidiaries and affiliates and their officers, agents, servants, employees and attorneys shall not interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

**XI.**

IT IS FURTHER ORDERED that Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang shall pay the costs, fees, and expenses of the permanent receiver incurred in connection with the performance of his duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him in carrying out his duties and obligations. All applications for costs, fees and expenses for services rendered in connection with the permanent receivership other than routine and necessary business expenses in conducting the permanent receivership, such as salaries, rent and any and all other reasonable operating and liquidating expenses, shall be made by application on at least a quarterly basis setting forth in reasonable detail the nature of the services and shall be heard by the Court.

**XII.**

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and

attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his duties and responsibilities.

**XIII.**

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendants Private Equity Management Group, Inc. and Private Equity Management Group, LLC and their subsidiaries and affiliates and continuing access to inspect its funds, property, assets and collateral, wherever located.

**XIV.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Private Equity Management Group, Inc. and Private Equity Management Group, LLC.

**XV.**

IT IS FURTHER ORDERED that Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang shall,

within five days of the date of issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of all assets of Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures, Internet payment processor, and other accounts identified by institution, branch address and account number. The accountings shall include a description of the source(s) of all such assets. Such accountings shall be filed with the Court and copies shall be delivered to the attention of Paris Wynn at the Commission's Los Angeles Regional Office located at 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036. After completion of the accountings, Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying the accountings.

**XVI.**

IT IS FURTHER ORDERED that, within ten days from the date of this Order, Defendants Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang, and each of them, shall transfer to the registry of this Court all assets, funds, and other property held in foreign locations in the name of Private Equity Management Group, Inc., Private Equity Management Group, LLC and Danny Pang, or for the benefit or under the direct or indirect control of any of them, or over which any of them exercise control or signatory authority.

**XVII.**

IT IS FURTHER ORDERED that, immediately upon entry of this Order and service therefore, defendant Danny Pang shall surrender to the Clerk of the Court all passports that he holds. The Clerk of the Court shall maintain custody of such passports until otherwise ordered by this Court.

///

**XVIII.**

IT IS FURTHER ORDERED that defendant Danny Pang is prohibited from travelling outside of the United States unless and until this Court finds that Pang has fully complied with the provisions of this Order that require him to provide an accounting and to repatriate any assets.

**IX.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: 8/4/09

TIME: ____ o'clock ___.m.

HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ David J. Van Havermaat
David J. Van Havermaat
Lorraine B. Echavarria
Paris Wynn
Attorneys for Plaintiff
Securities and Exchange Commission