Link to doc #255

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | September 10, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

Present:  The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** **(In Chambers) Order Granting the Receiver's Motion for Instruction on Trust Merger Issue**

Pending before the Court is the Receiver's Motion for Instruction on Trust Merger Issue. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court GRANTS the Receiver's Motion.

I.  Background

On April 24, 2009, the Securities and Exchange Commission (the "SEC") commenced this action against Private Equity Management Group, Inc. ("PEMGroup"), Private Equity Management Group LLC ("PEMG LLC"), and Danny Pang ("Pang") (collectively, "Defendants"). Put simply, the SEC alleges that Defendants defrauded a number of foreign investors. Many of the funds Defendants allegedly fraudulently obtained were placed into various trust agreements, over which Daily & Knudson Law Group LLC ("Daily Knudson") served as trustee.

On July 2, 2009, the Court issued an Order on Receiver's Request for Instruction, granting permission for Robert P. Mosier of Mosier & Co. (the "Receiver") to terminate the services of Daily Knudson as trustee of various trusts set up by Defendants, and allowing the Receiver to serve as the trustee of the various trust agreements. At some undefined point in time, Bank Sinopac, a significant investor in the defendant entities, raised a concern that because the Receiver is serving as trustee of the trusts and acting on behalf of certain beneficiaries of the trusts – specifically, certain British Virgin Island entities – the doctrine of merger might operate to terminate the trusts. Consequently, the Receiver presently moves the Court for an order

Link to doc #255

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | September 10, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

providing that the various trusts will not terminate by merger as a result of the Receiver serving as trustee. No party has filed an opposition to this request.

II.   Discussion

By operation of law, a trust terminates when there is a merger of the legal title and equitable interest in one person, unless inequitable results follow. *See People ex rel. State Lands Com. v. Long Beach*, 200 Cal. App. 2d 609, 615, 19 Cal. Rptr. 585 (1962); *see also* Restatement (Third) of Trusts § 69 ("If the legal title to the trust property and the entire beneficial interest become united in one person, the trust terminates."). In this case, the doctrine of merger does not operate to terminate the trusts at issue for the simple reason that the Receiver does not hold legal title to the trusts.

As a leading treatise explains:

> An equity receiver does not become the holder of the legal title to property placed in his custody and control by the appointment . . . .
> …
> A receiver has no title to the fund, but simply acts as the arm of the court. The appointment of a pendente lite receiver, unless a statute so provides, works no change in the legal title of the property over which the receiver is appointed . . . .

2 Clark on Receivers §§ 330, 341 (3d ed. 1992); *see also SEC v. Am. Capital Invs.*, 98 F.3d 1133, 1144 (9th Cir. 1996) (observing that when a receiver sells property that is part of the receivership estate, she sells as the arm of the court and not as holder of the legal title (citing 2 Clark on Receivers § 920)). Since the Receiver does not hold legal title to the trusts, the legal title to the trust property and the entire beneficial interest can not become united in the Receiver. Consequently, the doctrine of merger does not apply.

III.   Conclusion

Based on the foregoing, the Court finds that the various trusts created by and/or affiliated with PEMGroup and PEMG LLC and/or its subsidiaries and/or affiliates will not terminate under the doctrine of merger as a result of the Receiver serving as trustee of the trusts.

**IT IS SO ORDERED.**