O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | Sept. 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** (In Chambers) Order Granting the Receiver's Motion to Clarify Scope of Receivership Regarding GVEC and ERM Limited (Nevada)

Pending before the Court is the Receiver's Motion to Clarify Scope of Receivership Regarding GVEC and ERM Limited (Nevada). The Court heard oral argument on this matter on September 21, 2009. After considering the moving and opposing papers, as well as all oral argument, the Court GRANTS the Receiver's Motion.

I.   Background

On April 24, 2009, the Securities and Exchange Commission (the "SEC") initiated an action against defendants Private Equity Management Group, Inc. ("PEMG, Inc."), Private Equity Management Group LLC ("PEMG") (collectively, the "entity defendants" or "PEMGroup"), and Danny Pang ("Pang") (all, collectively, "Defendants"). These two entities and this individual are the only named defendants in the SEC action.

On July 2, 2009, the Court appointed Robert P. Mosier ("Mosier" or the "Receiver") as permanent receiver of PEMGroup. The Court's order states generally that Mosier will be the receiver for "all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property" that belong to, are being managed by, or in the possession of or control of PEMGroup "and any of their subsidiaries and affiliates. . . ." *See Preliminary Injunction*, § VI (Dkt. # 246). The Receiver now moves this Court for an order clarifying the order appointing him. Specifically, the Receiver requests that the Court make explicit the Receiver's authority over Genesis Voyager Equity Corporation ("GVEC") and Equity Resource Management Limited

Case 2:09-cv-02901-PSG-E Document 277 Filed 09/21/09 Page 2 of 8 Page ID #:9589

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | Sept. 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

(Nevada) ("ERM-Nevada") (collectively, the "Entities in Dispute"). Pang opposes the Receiver's request as it relates to GVEC, but not as it relates to ERM-Nevada. Non-party TIS Wealth Management Limited ("TIS Wealth") also opposes the Receiver's request as it relates to GVEC.

II. Discussion

As the Court has noted in prior orders in this case, whether the Court grants the Receiver's motion depends, ultimately, on the answer to two different, but related, inquiries. First, are the Entities in Dispute separate and distinct from PEMGroup, or are they PEMGroup affiliates? And, second, does the Court have the power to include the Entities in Dispute in the receivership estate? Each of these inquires is taken up in turn.

    A.    <u>Whether the Entities in Dispute Are Separate and Distinct From or Affiliates of the Entity Defendants</u>

The Receiver contends that the Entities in Dispute are merely the alter egos of entities already within the receivership estate. Thus, he urges the Court to disregard these alter egos and bring the Entities in Dispute within the estate. In opposition, Pang argues that one of the Entities in Dispute, namely, GVEC, is separate and distinct from PEMGroup.

"Under federal law, a corporate entity may be disregarded in the interests of public convenience, fairness, and equity." *SEC v. Elmas Trading Corp.*, 620 F. Supp. 231, 234 (D.Nev. 1985). In applying this rule, federal courts "look closely at the purpose of the federal statute involved to determine whether it places importance on the corporate form." *Id.* (citing *Town of Brookline v. Gorsuch*, 667 F.2d 215, 220 (1st Cir. 1981); *Capital Tel. Co. Inc. v. F.C.C.*, 498 F.2d 734, 738 (D.C. Cir. 1974)).

This case arises under the federal securities laws and is being prosecuted by the SEC, who appears before this Court, "not as an ordinary litigant, but as a statutory guardian charged with safeguarding the public interest in enforcing the securities laws." *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975). Based on the government's keen interest in preventing securities fraud, the Court believes that in determining whether the corporate entity should be disregarded it is appropriate to apply the same "flexible approach" used by the court in *Elmas Trading Corp. See Elmas Trading*, 620 F. Supp. at 234. There, the court noted that the decision of whether to disregard a corporate entity does not rest on a single factor but instead often involves a consideration of a number of factors. *Id.* Some factors that the *Elmas* court found particularly significant were the presence of overlapping control persons (or their relatives)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | Sept. 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

among various entities, the transference of monies between various entities, and common addresses among the entities. *Id.* at 234-36.

Before the Court applies the foregoing factors to the Entities in Dispute, a review of exactly who controls PEMGroup is in order.

      1.      <u>Overview of the Entity Defendants</u>

The following individuals appear to exert significant control over the entity defendants: Pang is a managing member of PEMG and, according to PEMG's Operating Agreement (which Pang signed), is a "Founding Member" of the company. *See Mosier Decl.*, Exs. A-B (Dkt. # 142). He is also the president and one of the directors of PEMG, Inc. *See id.*, Ex. C (Dkt. # 142); *Cebeci Supp. Decl.*, ¶ 3 (Dkt. # 9).

Like Pang, Robert J. Anderson ("Anderson") is a managing member of PEMG and is identified as a "Founding Member" of the company in PEMG's Operating Agreement (which Anderson signed). *See Mosier Decl.*, Exs. A-B (Dkt. # 142). Also, he is currently the interim Chairman of PEMG, Inc. and, in the past, has served as PEMG, Inc.'s Chief Operations Officer. *Anderson Decl.*, ¶ 1 (Dkt. # 39).

Nasar Aboubakare ("Aboubakare"), like Pang and Anderson, is identified as a "Founding Member" of PEMG in its Operating Agreement (which Aboubakare signed). *See Mosier Decl.*, Exs. B (Dkt. # 142). As for his connection with PEMG, Inc., he was the managing director of PEMG, Inc. from 2002 through 2005, Chief Investment Officer of PEMG, Inc. from 2005 through August 2007, and President of PEMG, Inc. from 2006 though August 2007. *See Aboubakare Decl.*, ¶ 3 (Dkt. # 56).

Wilbur Quon ("Quon") is a managing member of PEMG. *See Mosier Decl.*, Ex. A Dkt. # 142). With respect to his connection to PEMG, Inc., the Secretary State of Nevada's Entity Details identifies him as PEMG, Inc.'s treasurer and a director on its board. *Id.*, Ex. C (Dkt. # 142). He also served as the Chief Financial Officer of PEMG, Inc. from October 8, 2004 until April 16, 2009. *Quon Decl.*, ¶ 2 (Dkt. # 43). Prior to serving in that position, he was the company's Controller. *Id.* (Dkt. # 43).

Peter Paul Mendel ("Mendel") is a managing member of PEMG. *See Mosier Decl.*, Ex. A (Dkt. # 142). He is also an employee of PEMG, Inc., *Mendel Decl.*, ¶ 1 (Dkt. # 59), as well as its secretary and a director on its board. *See Mosier Decl.*, Ex. C (Dkt. # 142).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | Sept. 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

Leon Chan ("Chan") is a managing member of PEMG and a director of PEMG, Inc. *See id.*, Exs. A, C (Dkt. #142).

Like Chan, Todd Gillespie ("Gillespie") is a managing member of PEMG and a director of PEMG, Inc. *See id.*, Exs. A, C (Dkt. # 142).

Sandra Chang ("Chang") is a director on PEMG, Inc.'s board. *See id.*, Ex. C (Dkt. # 142).

Anthony Bufinsky was a managing member of PEMG and a director of PEMG, Inc. *See id.*, Exs. A, C. (Dkt. # 142).

    2.    <u>Analysis</u>

In light of the foregoing principles and overview of the entity defendants, the Court now takes up the inquiry of whether the Entities in Dispute are alter egos of the entity defendants or separate and distinct from the entity defendants.

    a.    <u>GVEC</u>

As an initial matter, the Court recognizes that in response to a previous request by the Receiver to bring GVEC under its authority, the Court found that the Receiver had not presented sufficient evidence to establish that GVEC was an affiliate of PEMGroup. *See 8/10/09 Minute Order* (Dkt. # 253). On that occasion, the Court noted an insufficient showing by the Receiver that GVEC's board of directors was dominated by PEMGroup control people and that the Receiver's evidence of a commingling of funds between GVEC and PEMGroup was improperly submitted. *See id.* (Dkt. # 253). For the reasons that follow, the Court finds that the Receiver has sufficiently addressed those evidentiary shortcomings.

With regard to who controls GVEC, the Court begins by noting that the sole shareholder of GVEC common stock is Genesis Voyager Assets Management ("GVAM"). *See Mosier Decl.*, ¶ 5, Ex. D. GVAM is, thus, the only entity with voting rights over GVEC's actions, *see id.*, and GVEC's directors presumably serve at GVAM's pleasure. This Court has already determined GVAM to be an affiliate of PEMGroup, based on an overlap of control persons and use of a common address. *See 8/10/09 Court Minute Order* (Dkt. # 253). Simply put, then, PEMGroup controls GVAM, which in turn controls GVEC.

Consistent with this picture are the following documents from GVEC's corporate minute

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | Sept. 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

books: an Application for Employer Identification Number submitted to the Internal Revenue Service by PEMGroup in July 2008, stating that GVEC's principal officer was PEMGroup control person Danny Pang, *see Mosier Decl.*, ¶ 2, Ex. A; a Trading Authorization on PEMGroup letterhead, designating PEMGroup control persons Pang, Anderson, Aboubakare, and Gillespie as authorized signatories for the initiation and execution of GVEC fixed income trades, *see id.* at ¶ 4, Ex. C; and, finally, an Advisory Agreement between GVEC and ERM-NV, naming PEMGroup control person Robert J. Anderson as GVEC's Managing Director. *See id.* at ¶ 9, Ex. H.

The following documents from GVEC's corporate minute books and PEMGroup's records indicate, moreover, that GVEC and PEMGroup used the same address in Irvine, California: the aforementioned Application for Employer Identification Number submitted to the IRS in July 2008, *see id.* at ¶ 2, Ex. A; a correspondence slip from the IRS to GVEC, *see id.* at ¶ 3, Ex. B; and an Advisory Agreement between GVEC and ERM-NV. *See id.* at ¶ 9, Ex. H.

As evidence of a commingling of funds between GVEC and PEMGroup, the Receiver submits the declaration of Wilbur Quon, a director of PEMGroup who also served as PEMGroup's Controller and later its Chief Financial Officer. *See Quon Decl.*, ¶ 2. Quon states: "[GVEC] was the original entity that PEMGroup used to solicit funds. PEMGroup control people set-up GVEC, and paid for GVEC's set-up costs. GVEC's operations and accounting were also conducted from PEMGroup's offices." *Id.* at ¶ 4. The Receiver also submits the declaration of PEMG founding member Nasar Aboubakare, who served variously as PEMGroup's Managing Director, Chief Investment Officer, and President. *See Aboubakare Decl.*, ¶ 2. Aboubakare states: "Depending on the specific offering, some or a majority of the proceeds from each GVEC offering ultimately went to the control of PEMGroup. Therefore, PEMGroup generally collected GVEC's profits." *Id.* at ¶ 5.

Defendant Pang responds to the foregoing evidence by, first, arguing that the activities described by the Receiver are consistent with GVAM's role as manager of and/or advisor to GVEC, and therefore do not necessarily indicate that the two entities are affiliated. *See Opp.*, 3:12-13. Pang reminds the Court that "[a]n investment vehicle may be independently-owned and ultimately directed by an independent board of directors, but managed and advised by separate entities that have entirely different ownership structures." *Id.* at 3:13-16. And as a general proposition, that may well be true. The Court notes, however, that an entity's manager and advisor might also be its ultimate owner and controller, which the Court finds to be the case here.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | Sept. 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

The remainder of Defendant Pang's argument is largely directed at attempting to establish the supposed independence of Chang Pen Tsao ("Chang") and Wang Nai Tung ("Wang"), two individuals who have been identified by the parties as directors of GVEC. *See Opp.*, 3:27-5:14. However, in light of the evidence recited above concerning the control structure of GVEC, the Court finds the parties' discussion of Chang's and Wang's independence irrelevant, particularly since, as noted, any directors of GVEC presumably served at the pleasure of GVAM and thus, ultimately, of PEMGroup.

For the foregoing reasons, then, the Court finds that the Receiver has submitted evidence sufficient to establish that GVEC's operations are intertwined with those of Defendants' to such an extent that GVEC is properly considered a PEMGroup affiliate.

        b.     <u>ERM-Nevada</u>

Defendant Pang does not dispute the Receiver's contention that ERM-Nevada is an affiliate of PEMGroup. The Court, too, is persuaded by the evidence. First, the website for the Nevada Secretary of State identifies Anderson, Bufinsky, Chan, Chang, Gillespie, Mendel, Pang, and Quon–all of whom are PEMGroup control people–as directors of ERM-Nevada. *See Quon Decl.*, ¶ 11, Ex. E. With the exception of Pang, these directors' addresses are listed as that of PEMGroup. *See id*; *Mosier Decl.*, Exs. A, C (Dkt. # 142). Copies of wire transfer approvals and canceled checks demonstrate, moreover, that substantial sums of money were transferred from ERM-Nevada to PEMGroup at the direction of PEMGroup's control people. *See Quon Decl.*, ¶ 12, Ex. F. Finally, the canceled checks also reflect that ERM-Nevada and PEMGroup used the same address in Irvine, California. *See id.* The Court finds this evidence sufficient to demonstrate that ERM-Nevada is a PEMGroup affiliate.

    B.     <u>Whether the Court Has Power to Include the Property of the Entities in Dispute in the Receivership Estate</u>

Simply because the Entities in Dispute are affiliates of the entity defendants does not necessarily mean that the Court has the power to include their property in the receivership estate. Indeed, despite enjoying "wide discretion" when fashioning relief and protective measures, this Court may only include the property of a non-party entity in its receivership order if "the non-party meets the minimum contacts standard set out in *International Shoe* and receives actual notice and an opportunity for a hearing." *In re San Vicente Med. Partners, Ltd.*, 962 F.2d 1402, 1406-08 (9th Cir. 1992).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | Sept. 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

Here, there are sufficient contacts with the forum to support assertion of jurisdiction over both Entities in Dispute. As noted, the evidence indicates that GVEC was set up, controlled, and operated by PEMGroup from within this judicial district and that GVEC used an address located within the district. ERM-Nevada, likewise, was controlled by PEMGroup from within this judicial district and used an address located within the district. Accordingly, assertion of jurisdiction over the entities' property does not violate due process under the minimum contacts analysis.

Exercising jurisdiction over the entities' property here is also consistent with "traditional notions of fair play and substantial justice." *See Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). As the Court has noted previously, the burden of litigating in California is not too great on the Entities in Dispute. In fact, the opposite appears to be true. The vast majority of the main players in the entities' governance structure are already playing active roles in the underlying litigation, and they have not once expressed any concern regarding the inconvenience of litigating in this forum. If anything, it seems that it would actually be inconvenient to these individuals if this matter were not litigated in this forum.

Also, despite any arguments to the contrary, the entities have received notice of this action, thus satisfying procedural due process. *See Shaffer v. Heitner*, 433 U.S. 186, 206, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977) (observing "that property cannot be subjected to a court's judgment unless reasonable and appropriate efforts have been made to give the property owners actual notice of the action"). This is true despite the fact that the Entities in Dispute were not named as parties in the SEC action. As the Ninth Circuit has explained, "notice is satisfied when 'the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'" *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir. 1994) (citation omitted) (discussing notice in the context of Federal Rule of Civil Procedure 15). Thus, given the strong link between PEMGroup and the Entities in Dispute, the Court finds that the institution of an action against Defendants served to provide notice of the litigation to the Entities in Dispute.

III.    Conclusion

Based on the foregoing, the Court GRANTS the Receiver's Motion and, accordingly, finds that GVEC and ERM-Nevada are affiliates of PEMGroup for purposes of application of this Court's preliminary injunction.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | Sept. 21, 2009 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Private Equity Management Group, Inc. | | |

**IT IS SO ORDERED.**