O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#287

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | January 7, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

Present:  The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings:**   **(In Chambers) Order Granting in Part and Denying in Part the Receiver's Motion for Order Permitting Sale of Properties Pledged by Defendant Danny Pang and Pre-Approving and Confirming Sales of Pledged Property**

Before the Court is the Receiver's Motion for Order Permitting Sale of Properties Pledged by Defendant Danny Pang and Pre-Approving and Confirming Sales of Pledged Property. The matter came on for hearing on December 21, 2009. After considering the moving and opposing papers, as well as oral argument, the Court GRANTS in part and DENIES in part the Receiver's motion.

I.   Background

On April 24, 2009, the Securities and Exchange Commission initiated an action against defendants Private Equity Management Group, Inc., Private Equity Management Group LLC (collectively, "PEMGroup"), and Danny Pang. On July 2, 2009, the Court granted the SEC's motion for a preliminary injunction and appointed Robert P. Mosier (the "Receiver") as permanent receiver of PEMGroup.

On July 2, 2009, the Court also ordered that the Receiver could transfer to PEMGroup the title to certain personal and real property assets previously pledged by Defendant Pang as security for $9.5 million Pang borrowed from PEMGroup affiliates (the "Pledged Property").

On October 27, 2009, the Receiver filed this motion ("Motion"), seeking an order permitting the Receiver to sell the Pledged Property and pre-approving and confirming sales of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**#287**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | January 7, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

the Pledged Property. The Motion is opposed by the estate of Defendant Pang (the "Pang Estate"), who died on September 12, 2009.

II.     Discussion

In opposing the Receiver's request for permission to sell the Pledged Property, the Pang Estate makes two arguments. First, the Estate argues that the written "Pledge Agreement" documenting Pang's pledge of the property does not give the Receiver authority to transfer title to the Pledged Property. Second, the Estate argues that the Receiver and the Court no longer have jurisdiction over the Pledged Property in light of Defendant Pang's death. The Court will address these arguments, then proceed to respond to the substance of the Receiver's requests regarding the Pledged Property.

        A.      The Receiver's Authority to Transfer Title to the Pledged Property

Beginning from the premise that the "Receiver is basing his authority over the [Pledged Property] exclusively upon the [Pledge Agreement]," *see Opp.* 7:6-8, the Pang Estate makes three arguments to support its contention that the Pledge Agreement does not give the Receiver any such authority. First, the Estate argues that the Pledge Agreement is unenforceable because it is signed only by Defendant Pang and no other party to the agreement. Second, the Estate argues that even if the Pledge Agreement is enforceable, its terms authorize only the Collateral Agent to enforce the agreement, not the Receiver. Finally, the Estate argues that to the extent the Pledge Agreement was ever enforceable, it was voided when the Receiver failed to follow California's "one action rule." According to the Estate, the "one action rule" provides that "[i]f a lender seeks to exercise its remedies to recover a debt through a manner other than a foreclosure action, the security interest in the real property may be canceled and voided." *Opposition* 10:8-11.

The Court, however, rejects the premise of the Pang Estate's arguments. Simply put, the Receiver's authority over the Pledged Property is not based on the Pledge Agreement, but on this Court's previous orders. Specifically, the Receiver's authority is based on the Court's preliminary injunction, which granted the Receiver "access to and control of" all property of the Defendants in this action, *see* Dkt. # 246, as well as the Court's July 2, 2009 Order, which expressly granted the Receiver's request to transfer title to the Pledged Properties to PEMGroup. *See* Dkt. # 205. Notably, in opposing the latter, Defendant Pang did not raise the Estate's current arguments. *See* Dkt. # 205. In sum, then, the Court views the subject of the validity and import of Defendant Pang's Pledge Agreement to be water under the bridge. Consequently, the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#287

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | January 7, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

Court does not find it necessary to address the Estate's arguments on that subject in further detail.

    B.    <u>The Court's Jurisdiction to Grant Permission to Sell the Pledged Property</u>

The Estate next argues that regardless of the validity of the Pledge Agreement, this Court lacks jurisdiction to grant the Receiver's request to sell the Pledged Property. The Estate contends that while the Court granted the Receiver permission to transfer title to the Pledged Property to PEMGroup, the Receiver never actually did so. Thus, according to the Estate, the Pledged Property was still owned by Defendant Pang when he died and thereupon became part of the probate estate. Therefore, the Estate argues, under the "probate exception" to federal subject matter jurisdiction, this Court lacks jurisdiction to authorize the Receiver to sell the Pledged Property. The Court disagrees.

The "probate exception" to federal jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." *Marshall v. Marshall,* 547 U.S. 293, 311, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006). It also "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 311-12. Here, however, the Court determines that the "probate exception" is not implicated because the Estate has failed to establish that the Pledged Property is within the probate estate or in the custody of a state probate court. In fact, despite making the representation in its papers that the Pledged Property was "still in the name of Danny Pang when he died," *see Opposition* 11:4-7, the Estate offers evidence that directly contradicts that assertion.

In particular, the Estate's opposition papers, as well as the title reports submitted by the Estate in support of its opposition, clearly indicate that the real properties at issue were not owned by Defendant Pang, but by business entities in which Defendant Pang participated, namely, Nevada Capital Development Partners, LLC, Nevada Capital Holdings Partners, Inc., and 858, LLC. *See Opposition* 3:10-22; *Regenstreif Decl.* ¶¶ 6-9, Exs. 2-9. Generally, upon the death of one who owns an interest in a partnership, corporation, or LLC, the decedent's ownership interest in the entity becomes an asset of the decedent's estate, but the assets of the entity do not. *See Romagnolo v. Romagnolo,* 230 Cal. App. 2d 315, 319-20 (1964); *Estate of Massaglia,* 38 Cal. App. 3d 767, 779 (1974); Cal. Prac. Guide Probate Ch. 14-B § 14:140 (2009).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#287**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | January 7, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

With respect to the securities at issue, the Estate claims that it has been unable to locate any UCC-1 financing statement filings "that would have perfected the security interests allegedly created by the . . . Pledge Agreement." *Opposition* 11:14-17. The Court does not find this to be persuasive evidence that the securities at issue are within the probate estate or in the custody of the probate court. Even assuming, for instance, that the requirements for perfecting a security interest apply here, the Court notes that it is not always necessary to file a UCC-1 financing statement to perfect a security interest in personal property, even when that property is in the form of securities. *See* Cal. Comm. Code §§ 8301, 9313; 9 Witkin Summary (10th ed.) Corporations § 138; 4 Witkin Summary (10th ed.) Secured Transactions in Personal Property § 68. In fact, physical possession of certificated securities, which the Receiver claims to have here, is generally sufficient. *See Quon Decl.*, ¶ 5; Cal. Comm. Code §§ 8301, 9313. The Court notes, too, that at least one set of securities at issue—namely, the 666 units of membership interest in Lunchbox Lessons, LLC—does not appear to have been held in Defendant Pang's name, but in the name of Nevada Capital Holdings Partners, Inc. *See Regenstreif Decl.* ¶ 3, Ex. 1 at p. 10. As noted, such assets generally would not become part of Defendant Pang's estate upon his death. *See Estate of Massaglia,* 38 Cal. App. 3d at 779.

Accordingly, the Court determines that its jurisdiction to entertain the Receiver's requests concerning sale of the Pledged Property is not limited by the "probate exception" to federal subject matter jurisdiction.

C. <u>The Receiver's Requests Regarding Sale of the Pledged Property</u>

The Receiver requests permission to sell the Pledged Property on the grounds that it is in the best interest of the Receivership estate to do so. The Receiver submits evidence that the real property at issue requires management and incurs ongoing expenses, while the securities generate little or no income and require monitoring of the relevant companies and funds. *See Mosier Decl.* ¶¶ 6-7. The Court finds these reasons persuasive and therefore grants the Receiver's request for permission to sell the Pledged Property—both the real property and the personal property—in a manner consistent with the remainder of this Order and with the Court's previous orders, in particular those of November 20, 2009. *See* Dkt. # 314, # 315.

The Receiver also seeks "pre-approval" from the Court to sell certain of the real properties at issue by public auction or privately negotiated sale. By "pre-approval," the Receiver means "an order that automatically confirms the sale of each property" so long as the sale price meets or exceeds certain "minimum prices" that have been filed by the Receiver under seal. *See Motion* 4:24-5:1. For reasons explained by the Court in its November 20, 2009 Order

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#287

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | January 7, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

addressing a similar request, *see* Dkt. # 314, the Court is constrained to deny this request for "pre-approval."

    Finally, the Receiver asks the Court to confirm a transaction involving the "Hush Restaurant property," which consists of four parcels of real property included among the Pledged Property. According to the Receiver, the Hush Restaurant property is subject to a first deed of trust in the amount of approximately $5 million, which is the approximate value of the property. Thus, the Receiver has virtually no equity interest in the property. Nor does the property generate positive cash flow. The Receiver has determined that these circumstances do not "justify marketing and selling the property." *See Mosier Decl.* ¶ 9. Accordingly, the Receiver wishes to transfer the Receivership estate's interest in the Hush Restaurant property to the secured lender on the property in exchange for a payment of $35,000. Pursuant to its broad power to supervise the Receivership estate and to determine the appropriate actions to be taken by the Receiver, *see Securities and Exchange Commission v. Capital Consultants, LLC,* 397 F.3d 733, 738 (9th Cir. 2005), and finding the transaction described by the Receiver to be in the best interests of the Receivership estate, the Court approves and confirms the transaction.

III.    <u>Conclusion</u>

    For the foregoing reasons, the Court GRANTS the Receiver's request for permission to sell the properties pledged by Defendant Danny Pang in a manner consistent with this Court's previous orders, DENIES the Receiver's request for "pre-approval" of sales of real property pledged by Defendant Pang, and GRANTS the Receiver's request for confirmation of the transaction involving the Hush Restaurant property.

    Within **<u>seven days</u>** of the date of entry of this Order, the Receiver is to submit a proposed order consistent with this Order and those issued by the Court on November 20, 2009 (*see* Dkt. # 314, # 315).

    **IT IS SO ORDERED.**