O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#326

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | February 1, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                    Not Present

**Proceedings:**     (In Chambers) Order Granting the SEC's Motion to Substitute Alex Pang As Party Defendant

Pending before the Court is the Security and Exchange Commission's motion to substitute Alex Pang as a party defendant. The matter came on for hearing on February 1, 2010. Having considered the moving and opposing papers, as well as oral argument, the Court GRANTS the SEC's motion.

I.   Background

On April 24, 2009, the Securities and Exchange Commission initiated this action against defendants Private Equity Management Group, Inc., Private Equity Management Group LLC, and Danny Pang (collectively, "Defendants"). The SEC alleges that Defendants engaged in fraudulent securities transactions in violation of Section 17(a) of the Securities Act, as well as Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

On April 27, 2009, the Court issued a temporary restraining order ("TRO") that ordered, among other things, "an immediate freeze . . . on all monies and assets" of Defendants and the appointment of a temporary receiver with full authority to take "custody, control, possession, and charge of" Defendants' assets. *See TRO* (Dkt # 2) §§ V, VI. On August 4, 2009, the Court issued a preliminary injunction that reasserted the freeze on Defendants' assets and made the temporary receiver's appointment permanent. *See Preliminary Injunction* (Dkt # 246) §§ V, VI.

On September 12, 2009, Defendant Pang died. *See 1/19/10 Wynn Decl.,* Ex. A. Four days later, the SEC filed a statement notifying the Court of his death. *See* Dkt # 273. On

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#326

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | February 1, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

December 3, 2009, the SEC filed this motion to substitute as a party defendant Mr. Alex Pang, who is Defendant Pang's brother and who, on November 13, 2009, was appointed by the probate division of the California Superior Court to be the Special Administrator of Defendant Pang's estate. *See 12/3/09 Wynn Decl.,* Ex. C. The SEC's motion is opposed in part by Alex Pang in his capacity as administrator of the estate (the "Administrator").

II.     Legal Standard

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "Decisions on the motion for substitution are within the trial court's discretion." *McKenna v. Pacific Rail Serv.,* 32 F.3d 820, 836 (3d Cir. 1994). Upon the grant of a motion for substitution, the substituted party steps into the same position as the original party. *Hilao v. Estate of Marcos,* 103 F.3d 762, 766 (9th Cir. 1996).

III.    Discussion

As the SEC brings this motion within 90 days of notifying the Court of the death of Defendant Pang, the Court finds that the SEC's motion meets the procedural requirements set forth in Fed. R. Civ. P. 25(a)(1). The Administrator, however, objects to the motion to the extent that it seeks a) to substitute the Administrator as to claims and remedies that are penal in nature and b) to subject the Administrator to the Court's August 4, 2009 preliminary injunction freezing Defendant Pang's assets and appointing a permanent receiver over all of Defendant Pang's property. The Court therefore proceeds to consider those two objections.

   A.     The Administrator's Objection Regarding Penal Claims and Remedies

Citing case law indicating that penal claims generally do not survive a party's death, *see Reiserer v. U.S.,* 479 F.3d 1160, 1162 (9th Cir. 2007), the Administrator objects to his substitution as to any claims or remedies that are penal in nature. In particular, the Administrator objects to his substitution as to any claims or remedies seeking "civil penalties

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#326

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | February 1, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

over and above any . . . restitution from Danny Pang." *See Opp.* 5:24-26. In its reply papers, however, the SEC represents that it does not seek civil penalties from Defendant Pang's estate, only "disgorgement of the ill-gotten gains realized by" Defendant Pang. *Reply* 1:11-14, n. 2. As the Administrator concedes, "the disgorgement remedy is restitutionary, and under Ninth Circuit precedent, survived Danny Pang's death." *Opp.* 4:27-28, n. 2. The Court therefore finds the Administrator's first concern to be moot.

  B. <u>The Administrator's Objection Regarding the Preliminary Injunction</u>

  The Administrator also argues that he should not be subject to any provisions of the August 4, 2009 preliminary injunction relating to assets now within Defendant Pang's estate because the "probate exception" to federal subject matter jurisdiction precludes this Court from exercising jurisdiction over those assets. The Court disagrees.

  The "probate exception" to federal jurisdiction

> reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall,* 547 U.S. 293, 311, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006). The Supreme Court has emphasized that the probate exception is "distinctly limited" in scope and that its proscription against interference with probate proceedings is "essentially a reiteration of the general principle that, when one court is exercising *in rem* jurisdiction over *a res*, a second court will not assume *in rem* jurisdiction over the same *res*." *See id.* (citations omitted).

  The Court determines that the probate exception, thus described, is not implicated here. By ordering a freeze on all Defendant Pang's monies and assets and by appointing a receiver with full authority to take "custody, control, possession, and charge of" Defendant Pang's property, this Court effectively began exercising *in rem* jurisdiction over the *res* at issue months before Defendant Pang's death. *See United States v. One Oil Painting Entitled "Femme En Blanc" by Pablo Picasso,* 362 F. Supp. 2d 1175, 1180 (C.D. Cal. 2005) ("The *sine qua non* of in rem jurisdiction is seizure, control, or custody of the res."). In fact, the Court has continued to exercise that jurisdiction through the present, without interruption, as evidenced by the fact that the Court-ordered freeze and receivership remain in place. Thus, this is not an instance of one

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#326

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | February 1, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

court attempting to assume jurisdiction over property already within the jurisdiction of another, as contemplated by the probate exception, but an instance of a court continuing to exercise jurisdiction that it was already properly exercising. Indeed, the Administrator offers no authority for its contention that the probate exception operates to divest a federal court of jurisdiction under such circumstances.[1]

The Court determines, therefore, that as a substituted party under Rule 25, the Administrator is subject to the provisions of this Court's August 4, 2009 preliminary injunction and can be held in contempt for violating them. *See Hilao v. Estate of Marcos,* 103 F.3d 762, 766-67 (9th Cir. 1996) (affirming district court's decision to sanction parties substituted under Rule 25 for violating injunction prohibiting disposition of estate assets).[2]

IV. Conclusion

For the foregoing reasons, the Court GRANTS the SEC's motion to substitute Alex Pang as a party defendant.

**IT IS SO ORDERED.**

---

[1] In fact, all of the cases cited by the Administrator in support of its position addressed whether the probate exception precluded a federal court from assuming jurisdiction over property already within the jurisdiction of the probate court before the relevant federal action was filed. *See Lefkowitz v. Bank of N.Y.,* 528 F.3d 102, 104 (2d Cir. 2007); *Three Keys Ltd. v. SR Util Holding Co.,* 540 F.3d 220, 222 (3rd Cir. 2008); *Wisecarver v. Moore,* 489 F.3d 747, 748-49 (6th Cir. 2007).

[2] Because the Court finds the probate exception to be inapplicable here, the Court does not proceed to address the SEC's additional argument that the assets at issue are not part of Defendant Pang's estate because Defendant Pang never had lawful possession of them. *See Reply* 8:2-9:27.