O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#424

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | May 7, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order GRANTING Learjet Inc.'s Motion for Order Modifying Preliminary Injunction to Permit Prosecution of Cross-Action Against Inter Travel & Services, Inc.**

Before the Court is Learjet, Inc.'s motion for an order modifying the preliminary injunction to permit prosecution of a cross-action against Inter Travel & Services, Inc. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion, the Court GRANTS the motion.

I.    Background

On April 24, 2009, the Securities and Exchange Commission initiated an action against defendants Private Equity Management Group, Inc., Private Equity Management Group LLC (collectively, "PEMGroup"), and Danny Pang.[1] On July 2, 2009, the Court granted the SEC's application for a preliminary injunction, and subsequently issued its Preliminary Injunction and Orders ("Preliminary Injunction") that, among other things, appointed Robert P. Mosier (the "Receiver") as permanent receiver of PEMGroup and its subsidiaries and affiliates. *See Preliminary Injunction* (Dkt # 246). The Preliminary Injunction further ordered that "except by leave of this Court, during the pendency of this receivership, all . . . persons or entities seeking relief of any kind . . . are hereby preliminarily restrained and enjoined from . . . commencing, prosecuting, continuing or enforcing any suit or proceeding" against PEMGroup or any of its subsidiaries or affiliates. *See id.* at § IX.

---

[1] The facts in this Background are taken from review of the Court's docket, as well as the papers filed in connection with the present motion, and are not in dispute on the motion.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#424**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | May 7, 2010 |
|----------|---------------------|------|-------------|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

Inter Travel & Services, Inc. ("ITAS") is a PEMGroup subsidiary. In September 2008, a Learjet airplane owned by ITAS crashed in Columbia, South Carolina, killing the plane's two crew members and two of its passengers and injuring the remaining two passengers. Five separate civil actions were subsequently filed in Los Angeles County Superior Court, seeking damages allegedly resulting from the crash. The defendants in those actions included Learjet Inc. ("Learjet") and ITAS. In July 2009, ITAS served notice on all parties of this Court's Preliminary Injunction, alerting them to the stay on litigation against all PEMGroup subsidiaries, including ITAS.

Meanwhile, over the course of 2009 and 2010, all of the aforementioned state court actions were settled through contributions by the defendants, including Learjet. As part of the settlement arrangements, Learjet entered into agreements to preserve its rights of indemnity, contribution, and apportionment of fault against ITAS and others. Thus, on March 18, 2010, Learjet filed a cross-claim for indemnity and contribution against co-defendant Global Exec Aviation LLC. That cross-complaint includes allegations that ITAS, as owner of the plane that crashed, was ultimately responsible for the plane's safe operation and, therefore, liable on Learjet's cross-claims. The cross-complaint stops short of naming ITAS as a cross-defendant, however, and indicates that Learjet will seek to add ITAS as a cross-defendant only after moving this Court to modify the Preliminary Injunction to permit Learjet to pursue its claims against ITAS.

On April 7, 2010, Learjet filed the present motion for an order modifying the Preliminary Injunction to permit prosecution of Learjet's cross-action against ITAS ("Motion").

II.    Legal Standard

"Determining whether an exception should be made in a particular case to a previously entered blanket stay involves a comparison of the interests of the receiver (and the parties the receiver seeks to protect) and of the moving party." *SEC v. Wencke*, 622 F.2d 1363, 1373 (9th Cir. 1980). The Ninth Circuit has "set forth three factors to consider in deciding whether to except applicants from a blanket stay: (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *See SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984) (citing *Wencke*, 622 F.2d at 1374).

III.    Discussion

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#424

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | May 7, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

Learjet contends that comparison of its interests and those of the Receiver (and the PEMGroup investors) favors modifying the Preliminary Injunction to allow Learjet to pursue its cross-claims against ITAS. For the following reasons, the Court agrees.

A.      Status Quo Versus Injury to Learjet

As the Receiver observes, one purpose of the Court's Preliminary Injunction is "to maintain the status quo to preserve funds that will be redistributed to investors." *See Opp.* 5:16-18 (citing *Wencke,* 622 F.2d at 1373). Learjet, however, persuasively contends that allowing it to pursue its proposed cross-action against ITAS will not significantly disturb the status quo. Learjet submits evidence that ITAS has admitted that it is "insured under a policy issued by American Home Assurance Company in an amount exceeding any potential damages assignable to it in connection with" the litigation concerning the September 2008 crash. *See Hugret Decl.* ¶ 14, Ex. G. Further, Learjet has expressly represented that, on its proposed cross-action, it is "not seeking to recover any monies from PEMGroup or the Receivership Estate" and that "its recovery pursuant to its Cross-Complaint will be limited to the proceeds of the insurance issued to ITAS by American Home Assurance." *See Reply* 2:14-18.

Learjet also persuasively contends that it will suffer substantial injury if not permitted to proceed on its cross-claims. In particular, it appears that ITAS has itself filed a cross-claim for contribution and indemnity against Learjet in the state action in question, *see Hugret Suppl. Decl.*, Ex. J, and that, under California's rules of civil procedure, Learjet must now assert any claims it may have against ITAS relating to the September 2008 crash by way of cross-claim or forfeit the right to bring such claims. *See Reply* 4:17-5:1 (citing Cal. Civ. Proc. Code §§ 426.10(c), 426.30(a)).

The Court therefore finds that consideration of "whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed," *see Wencke,* 742 F.2d at 1231, weighs heavily in favor of permitting Learjet to pursue its cross-action against ITAS at this time.

B.      Timing with Respect to the Receivership

The Ninth Circuit has explained that

[w]here the motion for relief from the stay is made soon after the receiver has assumed control over the estate, the receiver's need to organize and understand the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#424**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | May 7, 2010 |
|----------|---------------------|------|-------------|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

entities under his control may weigh more heavily than the merits of the party's claim. As the receivership progresses, however, it may become less plausible for the receiver to contend that he needs more time to explore the affairs of the entities. The merits of the moving party's claim may then loom larger in the balance.

*Wencke,* 622 F.2d at 1373-1374.

The receivership in this case has been in place for over a year. *See 4/27/09 Temporary Restraining Order* § VI. Through regular status reports, the Court has been kept abreast of the Receiver's effort to "organize and understand the entities" under his control. *See, e.g., Receiver's March 11, 2010 Addendum to the Sixth Status Report* (Dkt # 399). The Court is satisfied that the Receiver has progressed sufficiently in that effort to permit Learjet to proceed on its proposed cross-action against ITAS, especially as the Receiver has failed to identify any material respect in which its efforts would be disrupted by Learjet's proposed action.

C.     The Merit of Learjet's Claim Against ITAS

Finally, the Court must consider the merit of Learjet's proposed cross-claims. *See Wencke,* 622 F.2d at 1373. "Where the claim is unlikely to succeed (and the receiver therefore likely to prevail), there may be less reason to require the receiver to defend the action now rather than defer its resolution." *Id.* "On the other hand, where the likelihood that the receiver will prevail is small, when the receiver's position is considered realistically and not in the abstract, there is less reason to permit the receiver to avoid resolving the claim; a blanket stay should not be used to prejudice the rights which innocent and legitimate creditors may have against the receivership entities." *Id.*

Here, the Receiver does not dispute that ITAS owned the airplane in question. California law provides that an owner of an aircraft may be held liable for injuries and damages arising out of an airplane crash on a theory of, for example, negligent entrustment. *See Cummins v. Sky Cruisers, Inc.,* 59 Cal. App. 3d 983, 985 (1976) ("Every owner of an aircraft is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the aircraft, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner."). In the Court's view, then, Learjet's proposed claims against ITAS are plausible enough to warrant modifying the Preliminary Injunction to allow Learjet to pursue them. *See Wencke,* 742 F.2d at 1232 (indicating that the court need only find that the proposed plaintiff has a "colorable claim"

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#424**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | May 7, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

that would entitle it to a trial on the merits).  This includes allowing ITAS to respond, as otherwise appropriate, to Learjet's discovery demands in the cross-action.

IV.   Conclusion

      For the foregoing reasons, the Court GRANTS Learjet's motion for an order modifying the Preliminary Injunction to permit prosecution of a cross-action against ITAS.


      **IT IS SO ORDERED.**