O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#393

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | May 10, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Denying the Estate of Danny Pang's Motion to Certify Order for Interlocutory Appeal**

Before the Court is the Estate of Danny Pang's motion to certify the Court's February 1, 2010 Order for interlocutory appeal.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers submitted in support of and in opposition to the motion, the Court DENIES the motion.

I.    Background

On April 24, 2009, the Securities and Exchange Commission initiated this action against defendants Private Equity Management Group, Inc., Private Equity Management Group LLC, and Danny Pang (collectively, "Defendants").  On April 27, 2009, the Court issued a temporary restraining order ("TRO") that included an immediate freeze on all assets of the Defendants and appointed a temporary receiver with full authority to take "custody, control, possession, and charge of" those assets. *See TRO* (Dkt # 2) §§ V, VI.  On August 4, 2009, the Court issued a preliminary injunction that reasserted the freeze and made the temporary receiver's appointment permanent.  *See Preliminary Injunction* (Dkt # 246) §§ V, VI.

In September 2009 Defendant Pang died, and on December 3, 2009, the SEC filed a motion to substitute as a party defendant Mr. Alex Pang, the person appointed by the probate division of the California Superior Court to be the Special Administrator of Defendant Pang's estate.  That motion was opposed in part by Alex Pang in his capacity as administrator of the estate (the "Administrator").

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#393**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | May 10, 2010 |
|----------|---------------------|------|--------------|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

On February 1, 2010, the Court issued an order granting the SEC's motion to substitute Alex Pang as a party defendant ("Order").  *See* Dkt # 372.  In that Order, the Court determined, over argument from the Administrator, that the probate exception to federal subject matter jurisdiction was not implicated by the facts of this case.[1]  *See id.* at 3.  The Court explained:

> By ordering a freeze on all Defendant Pang's monies and assets and by appointing a receiver with full authority to take "custody, control, possession, and charge of" Defendant Pang's property, this Court effectively began exercising *in rem* jurisdiction over the *res* at issue months before Defendant Pang's death.  *See United States v. One Oil Painting Entitled "Femme En Blanc" by Pablo Picasso,* 362 F. Supp. 2d 1175, 1180 (C.D. Cal. 2005) ("The *sine qua non* of in rem jurisdiction is seizure, control, or custody of the res.").  In fact, the Court has continued to exercise that jurisdiction through the present, without interruption, as evidenced by the fact that the Court-ordered freeze and receivership remain in place.  Thus, this is not an instance of one court attempting to assume jurisdiction over property already within the jurisdiction of another, as contemplated by the probate exception, but an instance of a court continuing to exercise jurisdiction that it was already properly exercising.  Indeed, the Administrator offers no authority for its contention that the probate exception operates to divest a federal court of jurisdiction under such circumstances.

*Id.* at 3-4.

---

[1] The "probate exception" to federal jurisdiction

> reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall,* 547 U.S. 293, 311, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006).  The Supreme Court has emphasized that the probate exception is "distinctly limited" in scope and that its proscription against interference with probate proceedings is "essentially a reiteration of the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."  *See id.* (citations omitted).

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**#393**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | May 10, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

On March 2, 2010, the Estate of Defendant Pang filed this motion to certify the Court's Order for interlocutory appeal under 28 U.S.C. § 1292(b) ("Motion").

II.   Legal Standard

28 U.C.S. § 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. *See* 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir. 1982). Pursuant to section 1292(b), the Court has discretion to certify an interlocutory order for appeal when (1) the order involves a controlling issue of law; (2) there is substantial ground for differences of opinion as to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

Certification for interlocutory appeal should be applied sparingly and only granted in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *See, e.g., Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978); *In re Cement Antitrust Litig,*, 673 F.2d at 1026; *United States v. Woodbury,* 263 F.2d 784, 788 n. 11 (9th Cir.1959). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *See Coopers & Lybrand,* 437 U.S. at 475.

III.   Discussion

The Estate argues that the "controlling question of law" warranting interlocutory appeal of the Court's February 1, 2010 Order is whether the probate exception to federal subject matter jurisdiction precludes this Court from continuing to exercise jurisdiction over assets that have purportedly become part of Defendant Pang's estate. Even assuming, however, that this question is sufficiently "controlling" and that an immediate appeal of the Court's Order would materially advance the ultimate termination of litigation here, the Estate has failed to persuade the Court that there is "substantial ground for differences of opinion" as to the question at issue.

Notably, the federal rules' mechanism for interlocutory appeal "was not intended merely to provide review of difficult rulings in hard cases." *See U. S. Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir. 1966). In fact, in order to secure an interlocutory appeal, an applicant must generally demonstrate a legitimate and "substantial ground for difference of opinion" between and among judicial bodies. *See APCC Servs., Inc. v. AT & T Corp.,* 297 F. Supp. 2d 101, 107 (D.D.C. 2003).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#393

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | May 10, 2010 |
|----------|---------------------|------|--------------|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

Here, the Estate has cited no cases demonstrating that other courts have reached determinations inconsistent with one another or with this Court on the question at issue. Rather, the Estate argues that there is "substantial ground for differences of opinion" as to that question because it presents an issue of first impression. *See Motion* 4:11-5:28. An issue of first impression, however, does not by itself constitute an "exceptional situation" of the sort that warrants interlocutory appeal. *See Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996) ("In leaving the consideration of whether to certify this question pursuant to § 1292(b) to the district court, we note that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.") (citations omitted). *But cf. Ass'n of Irritated Residents v. Fred Schakel Dairy,* 634 F. Supp. 2d 1081, 1091 (E.D. Cal. 2008) ("[T]he Second Circuit persuasively holds that substantial doubt *may* arise if the relevant issue is one of first impression.") (emphasis added) (citing *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2nd Cir. 1990)).[2] Accordingly, the Court's rejects the Estate's argument and denies its Motion.

IV.    Conclusion

For the foregoing reasons, the Court DENIES the Estate's motion to certify the Court's February 1, 2010 Order for interlocutory appeal.


**IT IS SO ORDERED.**

---

[2] In *Klinghoffer*, the Second Circuit agreed with the district court that there was "substantial grounds for differences of opinion" on the question at issue. *See Klinghoffer*, 921 F.2d at 25. In doing so, the Second Circuit noted that the district court had "pointed out that the issues are difficult and of first impression." *See id.*