O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#508

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | November 18, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING non-party Principal Life Insurance Company's motion for leave to file an action against the Receiver seeking declaratory judgment.**

Before the Court is a motion filed by non-party Principal Life Insurance Company ("Principal Life") seeking leave to sue Robert P. Mosier (the "Receiver"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion, the Court GRANTS Principal Life's motion.

I.   Background

On April 24, 2009, the Securities and Exchange Commission initiated an action against defendants Private Equity Management Group, Inc., Private Equity Management Group LLC (collectively, "PEMGroup"), and Danny Pang. On August 4, 2009, the Court issued a preliminary injunction and order ("Preliminary Injunction") that, among other things, appointed Robert P. Mosier (the "Receiver") as permanent receiver of PEMGroup and its subsidiaries and affiliates. *See Preliminary Injunction* (Dkt # 246). The Preliminary Injunction further ordered that "except by leave of this Court, during the pendency of this receivership, all . . . persons or entities seeking relief of any kind . . . are hereby preliminarily restrained and enjoined from . . . commencing, prosecuting, continuing or enforcing any suit or proceeding" against PEMGroup and from "doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver . . . or in any way to interfere with or harass the permanent receiver." *See id.* at § IX.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#508**

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | November 18, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC, *et al.* | | |

On September 23, 2010, non-party Principal Life Insurance Company ("Principal Life") filed a motion seeking leave to file an action against the Receiver challenging the validity of an insurance policy issued on the life of Barbara Doricott (the "Policy"), which was among PEMGroup's investment life insurance policies. Principal Life asserts that the Policy was procured through fraud and misrepresentations, and that it would never have issued the policy had all material information been disclosed. *Mot.* 2:21-26. In addition to being voidable on these grounds, Principal Life further contends that the Policy is void and/or voidable due to a lack of insurable interest. *Id.* 3:1-9. Specifically, it claims that the Policy was procured through a "stranger-originated life insurance ("STOLI") transaction whereby strangers to Ms. Dorricott sought to gamble on her life and profit from her death." *Id.* 3:1-2.

II.     Legal Standard

As the Ninth Circuit has recognized, "[f]ederal courts have inherent equitable authority to issue a variety of ancillary relief measures in actions brought by Securities and Exchange Commission to enforce federal securities laws." *S.E.C. v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). Included in this authority is the ability to issue a blanket stay prohibiting all persons, including non-parties, from commencing any suit against the receivership entities except by leave of the court. *See id.* 1369-70.

"Determining whether an exception should be made in a particular case to a previously entered blanket stay involves a comparison of the interests of the receiver (and the parties the receiver seeks to protect) and of the moving party." *Wencke*, 622 F.2d at 1373. Only if the party's interests outweigh those of the receiver will the stay be lifted. *See FTC v. 3R Bancorp*, 2005 WL 497784 (N. D. Ill. 2005). In particular, three factors are to be considered in determining whether to lift a blanket stay:

> (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.

*SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984) ("*Wencke II*") (citing *Wencke*, 622 F.2d at 1374). The burden is on the moving party to show that the balance weighs in its favor. *See United States v. ESIC Capital, Inc.*, 675 F. Supp. 1462 (D. Md. 1987).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#508**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | November 18, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC, *et al.* | | |

III.   Discussion

The Receiver contends that Principal Life failed to demonstrate good cause to lift the Preliminary Injunction.  *Opp.* 6:7-17.  The Court, however, finds that, to the contrary, application of the three factors set forth in *Wencke* support modifying the Preliminary Injunction to allow Principal Life to proceed on its claim that the Policy is void/voidable based on the alleged material misrepresentations and/or the absence of insurable interest.

   A.   Status Quo vs.  Substantial Injury

The first inquiry under the *Wencke* framework is "whether refusing to lift the stay genuinely preserves the status quo, or whether the moving party will suffer substantial injury if not permitted to proceed."  *Wencke II*, 742 F.2d at 1231.  Accordingly, one purpose of the Court's Preliminary Injunction is "to maintain the status quo to preserve funds that will be redistributed to investors." *See* Dkt. #424 (May 7, 2010).  In *S.E.C. v. Byers*, a district court found that maintaining the stay undeniably maintained the status quo where the moving party was "only concerned with recouping their own investments, presumably even at the expense of other investors." 592 F. Supp. 2d 532, 537 (S.D.N.Y.,2008).

Likewise, maintaining the stay preserves the status quo in this matter.  Allowing Principal Life leave to sue so that it might avoid paying out life insurance benefits under the Policy would be to the detriment of the receivership estate, which includes among its assets numerous valuable life insurance policies that other life insurance companies might seek to rescind in the event Principal Life was granted leave to proceed.  Additionally, the Court is not persuaded that Principal Life would suffer injury, let alone *substantial* injury, if not permitted to proceed.  Indeed, given that Principal Life has been accepting premiums on the Policy (including a payment of $6,900 on September 13, 2010, *see Mot.* 6:17-19), its allegations of injury are unconvincing.  Thus, the first *Wencke* factor favors the Receiver.

   B.   Timing with Respect to the Receivership

The Ninth Circuit has explained that:

Where the motion for relief from the stay is made soon after the receiver has
assumed control over the estate, the receiver's need to organize and understand the
entities under his control may weigh more heavily than the merits of the party's

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#508**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | November 18, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC, *et al.* | | |

> claim. As the receivership progresses, however, it may become less plausible for the receiver to contend that he needs more time to explore the affairs of the entities. The merits of the moving party's claim may then loom larger in the balance.

*Wencke*, 622 F.2d at 1373-1374. Here, the receivership has been in place for well over a year. *See Preliminary Injunction* § VI, (Dkt. #246). Through regular status reports, the Court has been kept abreast of the Receiver's effort to "organize and understand the entities" under his control. *See, e.g., Receiver's Seventh Status Report* (Dkt # 459). As the Court is satisfied that the Receiver has progressed sufficiently in that effort, the second *Wencke* factor cuts against the Receiver.

    C.    <u>The Merit of Principal Life's Claim</u>

Under the third prong of the *Wencke* framework, the Court must consider the merit of Principal Life's claim that the Policy is invalid. "Where the claim is unlikely to succeed (and the receiver therefore likely to prevail), there may be less reason to require the receiver to defend the action now rather than defer its resolution." *Wencke*, 622 F.2d at 1373. "On the other hand, where the likelihood that the receiver will prevail is small, when the receiver's position is considered realistically and not in the abstract, there is less reason to permit the receiver to avoid resolving the claim; a blanket stay should not be used to prejudice the rights which innocent and legitimate creditors may have against the receivership entities." *Id.*

Although Principal Life presents an interesting background discussion regarding the hazards of stranger-originated life insurance, *see Mot.* 9:10-13:7, it is not clear that it would prevail on the merits of its claim. However, in ruling on a motion to lift a stay, the Court need not evaluate whether Principal Life would be ultimately successful. Rather, the proper inquiry is whether Principal Life has alleged a "colorable claim" that would justify lifting the stay. *Wencke II*, 742 F.2d at 1232. Here, while Principal Life's contentions that the Policy was fraudulent and based on misrepresentations are speculative, they nonetheless suffice at this stage in the proceedings. *See Mot.* 15:3-26.

Likewise, although it is unclear whether the Policy would ultimately be deemed void for lack of an insurable interest, the Court finds that Principal Life has alleged a colorable claim to that effect. In opposing Principal Life's motion, the Receiver relies on *Lincoln Nat. Life Ins. Co. v. Gordon R.A. Fishman Irrevocable Life Trust*, in which the court held that life insurance policies were not void for having been procured by STOLI practices where the trust, its settlor,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#508**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | November 18, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC, *et al.* | | |

and its beneficiaries had insurable interests in settlor's life at time of inception. 638 F. Supp. 2d 1170, 1177 (C. D. Cal., 2009) ("an interest in the life or health of a person insured must exist when the insurance takes effect, but need not exist thereafter or when the loss occurs.").

On one hand, it appears to be undisputed that the Dorricott trust was the beneficiary of the policy at the time of issuance. *See Mot*. 4:5-6. However, in contrast to *Lincoln,* in which no interest in the policy was sold until nearly two years after issuance, here, Ms. Dorricott's daughter allegedly sold 100% of the interest in the policy less than three weeks after the policy was issued. *Mot*. 15:6-8; *Reply* 9 n.11. Thus, while further factual development is necessary to establish whether the Policy is actually void for lack of insurable interest, based on the foregoing, the Court finds that Principal Life's claim has sufficient potential merit to satisfy the third *Wencke* factor.

The Court further notes that in opposing this motion, the Receiver contends that because Principal Life failed to contest the Policy before the applicable contestability period expired, Principal Life's claim is now barred. *Opp.* 3:16-6:3. At this stage in the proceeding, given the limited briefing on this issue, the Court is unable to ascertain conclusively whether Principal Life's motion adequately "contests" the Policy for purposes of the contestability period.

IV.   Conclusion

In sum, application of the factors set forth by the Ninth Circuit in *Wencke* demonstrates that Principal Life is entitled to have the stay lifted so as to pursue its claim that a life insurance policy under which it has been regularly collecting proceeds is void/voidable for lack of an insurable interest and/or material misrepresentations. Accordingly, for the foregoing reasons, Principal Life's motion is GRANTED.

**IT IS SO ORDERED.**