DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email:  vanhavermaatd@sec.gov
PARIS A. WYNN, Cal. Bar No. 224418
Email:  wynnp@sec.gov

E-FILED 10/22/12

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John M. McCoy III, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:   (323) 965-3998
Facsimile:   (323) 965-3908

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>PRIVATE EQUITY MANAGEMENT GROUP, LLC; PRIVATE EQUITY MANAGEMENT GROUP, INC.; and DANNY PANG,<br><br>        Defendants. | Case No. CV 09-2901 PSG (Ex)<br><br>**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS PRIVATE EQUITY MANAGEMENT GROUP, LLC AND PRIVATE EQUITY MANAGEMENT GROUP, INC.** |

The Securities and Exchange Commission ("Commission") having filed its Second Amended Complaint and Defendants Private Equity Management Group, Inc. and Private Equity Management Group, LLC (together, "Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Second Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all

persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)    to employ any device, scheme, or artifice to defraud;

      (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable jointly and severally for disgorgement of $631,373,225, representing profits gained as a result of the conduct alleged in the Second Amended Complaint, together with prejudgment interest thereon in the amount of $72,581,507, for a total of $703,954,732. The obligations of Defendants to pay disgorgement and prejudgment interest shall be deemed satisfied by the amount the Court-appointed permanent receiver collects, as reflected in the receiver's reports and final accounting to the Court.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendants Private Equity Management Group, Inc. and Private Equity Management Group, LLC is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.  Nothing herein shall extinguish the powers and authorities granted to the Receiver in the Court's August 4, 2009 Preliminary Injunction (*See* Docket No. 246).

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated:  October 19, 2012

## PHILIP S. GUTIERREZ
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:


/s/ David J. Van Havermaat
David J. Van Havermaat
Paris A. Wynn
Attorneys for Plaintiff
Securities and Exchange Commission

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On October 18, 2012, I caused to be served the document entitled **[PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS PRIVATE EQUITY MANAGEMENT GROUP, LLC AND PRIVATE EQUITY MANAGEMENT GROUP, INC.** on all the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 18, 2012                         /s/ David J. Van Havermaat
                                               David J. Van Havermaat

4

### SEC v. PRIVATE EQUITY MANAGEMENT GROUP, INC., et al.
#### United States District Court – Central District of California
#### Case No. CV 09-2901 PSG (Ex)
#### (LA-3651)

#### SERVICE LIST

Manuel A. Abascal, Esq. **(served via CM/ECF only)**
Latham & Watkins
355 South Grand Avenue
Los Angeles, CA 90071-1560
Email:  manny.abascal@lw.com
***Counsel to Alex Pang, Administrator of the Estate of Danny Pang***


Nick Pujji, Esq. **(served via CM/ECF only)**
DLA Piper US LLP
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Email:  nick.pujji@dlapiper.com
***Counsel to Receiver Robert P. Mosier***