DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov
PARIS A. WYNN, Cal. Bar No. 224418
Email: wynnp@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John M. McCoy III, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

E-FILED 10/22/12

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>PRIVATE EQUITY MANAGEMENT GROUP, LLC; PRIVATE EQUITY MANAGEMENT GROUP, INC.; and DANNY PANG,<br><br>　　Defendants. | Case No. CV 09-2901 PSG (Ex)<br><br>[~~PROPOSED~~] **FINAL JUDGMENT AS TO DEFENDANT ALEX PANG, THE SPECIAL ADMINISTRATOR OF THE ESTATE OF DANNY PANG** |

The Securities and Exchange Commission ("Commission") having filed its Second Amended Complaint and Defendant Alex Pang, the Special Administrator of the Estate of Danny Pang ("Pang Estate") having entered a general appearance; consented to the Court's jurisdiction over the Pang Estate and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Second Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Pang Estate is liable for disgorgement of $9,488,413, representing profits gained as a result of the conduct alleged in the Second Amended Complaint, together with prejudgment interest thereon in the amount of $1,090,771, for a total of $10,579,184. The Pang Estate shall assign to the Court-appointed permanent Receiver all of its rights and interests in the following assets and claims:

1. $2.6 million of the $5 million in proceeds from American General Life Insurance policy #USE000243L, which insured the life of Danny Pang;
2. Real property located at 2777 Paradise Drive #2504, Las Vegas, Nevada, including any funds generated from the property or realized from the sale thereof;
3. Real property located at 210 Fern Street, Newport Beach, California, including any funds generated by the property or realized from the sale thereof;
4. A 2007 Aston Martin automobile valued at approximately $100,000, and any funds realized from the sale thereof; and
5. A Star golf cart valued at approximately $10,000, and any funds realized from the sale thereof.

///

Based upon the Pang Estate's assignment to the Receiver of all of its rights and interests in the assets and claims listed above, the Commission will deem satisfied the outstanding balance of the Pang Estate's disgorgement and prejudgment interest obligations. In the event that the Pang Estate does not take all actions necessary to turn over to the Receiver all of the assets and claims listed above, the Pang Estate shall be liable for the entire amount of disgorgement and prejudgment interest, as well as post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

In addition to the obligations of the Pang Estate as set forth herein, the Pang Estate remains liable for any obligations in connection with the settlement between and among Receiver Robert P. Mosier, the permanent Receiver for Private Equity Management Group, Inc., Private Equity Management, LLC, and their subsidiaries and affiliates; the Estate of Danny Pang; Sheanna Pang; Tai-Shan Pang; Sharon Pang; Danny Pang, Jr.; and Comerica Bank & Trust NA, permanent guardian of the estate of Blair Pang, a minor.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Alex Pang, the Special Administrator of the Estate of Danny Pang is incorporated herein with the same force and effect as if fully set forth herein, and that the Pang Estate shall comply with all of the undertakings and agreements set forth therein.

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. Nothing herein shall extinguish the powers and authorities granted to the Receiver in the Court's August 4, 2009 Preliminary Injunction (*See* Docket No. 246).

**IV.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: October 19, 2012

**PHILIP S. GUTIERREZ**
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ David J. Van Havermaat
David J. Van Havermaat
Paris A. Wynn
Attorneys for Plaintiff
Securities and Exchange Commission

3

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]  U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On October 18, 2012, I caused to be served the document entitled **[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT ALEX PANG, THE SPECIAL ADMINISTRATOR OF THE ESTATE OF DANNY PANG** on all the parties to this action addressed as stated on the attached service list:

[ ]  **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ]  **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ]  **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]  **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]  **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]  **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]  **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]  **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 18, 2012                    /s/ David J. Van Havermaat
                                          David J. Van Havermaat

**SEC v. PRIVATE EQUITY MANAGEMENT GROUP, INC., et al.**
United States District Court – Central District of California
Case No. CV 09-2901 PSG (Ex)
(LA-3651)

SERVICE LIST

Manuel A. Abascal, Esq. **(served via CM/ECF only)**
Latham & Watkins
355 South Grand Avenue
Los Angeles, CA 90071-1560
Email: manny.abascal@lw.com
*Counsel to Alex Pang, Administrator of the Estate of Danny Pang*

Nick Pujji, Esq. **(served via CM/ECF only)**
DLA Piper US LLP
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Email: nick.pujji@dlapiper.com
*Counsel to Receiver Robert P. Mosier*