NICK S. PUJJI (Bar No. 259571)
nick.pujji@dentons.com
**DENTONS US LLP**
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:   (213) 623-9300
Facsimile:    (213) 623-9924

Attorneys for Receiver
**Robert P. Mosier**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>PRIVATE EQUITY MANAGEMENT GROUP, LLC; PRIVATE EQUITY MANAGEMENT GROUP, INC.; AND DANNY PANG,<br><br>    Defendants. | CASE NO. 09-CV-2901 PSG (EX)<br>Assigned to:  Hon. Philip S. Gutierrez<br>**NOTICE OF MOTION AND MOTION FOR ORDER:**<br>**(1) APPROVING FINAL ACCOUNT AND REPORT;(2) APPROVING FEES AND COSTS;**<br>**(3) APPROVING WIND UP TASKS, TRANSFERS, AND FINAL DISTRIBUTION;**<br>**(4) DISCHARGING RECEIVER;**<br>**(5) RELIEVING RECEIVER OF ALL DUTIES AND LIABILITIES;**<br>**(6) CONFIRMING RECEIVER'S CONTROL OVER CERTAIN 401(K) PROCEEDS; (7) APPROVING NOTICE UNDER LOCAL RULE 66-7; AND (8) FOR RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently with Final Account and Report; Declarations of Robert P. Mosier and Nick S. Pujji; Proposed Order*]<br><br>DATE:  December 19, 2016<br>TIME:   1:30 p.m.<br>PLACE:  Courtroom 880-Roybal |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that <u>on December 19, 2016, at 1:30 p.m. or as soon thereafter as counsel may be heard, in Courtroom 880 - Roybal of the above-entitled Court, located at 255 East Temple Street, Los Angeles, CA, 90012,</u> Receiver Robert P. Mosier (the "Receiver"), the Court-appointed permanent receiver of Private Equity Management Group, Inc., Private Equity Management Group, LLC, and their subsidiaries and affiliates (collectively, "PEMGroup" or the "Receivership Estate"), will and hereby does move the Court for the following relief:

1.      An Order approving the Receiver's <u>Final Account and Report</u>, which is attached as Exhibit 1 to the Receiver's Memorandum of Points and Authorities in support of this Motion.

2.      An Order approving and confirming all actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the Receivership Estate.

3.      An Order approving and authorizing payment of the Receiver's, professionals', and counsel's fees and expenses to be incurred during the period October 1, 2016 through closing of the Receivership Estate, barring any unexpected circumstances, not to exceed $165,000.

4.      An Order approving and authorizing the Receiver to distribute all assets of the Receivership Estate remaining after payment of all administrative expenses, including all fees and expenses of the Receiver and the Receiver's professionals incurred through the closing of the Receivership Estate, to the Investor Claimants[1] of PEMGroup in amounts that are consistent with the projections set forth in the Final Account and Report.

---

[1]      The Investor Claimants include:  Hua Nan Commercial Bank, Ltd.; Hua Nan Investment Trust Co.; Standard Chartered Bank (Taiwan), Ltd.; Bank SinoPac; Taichung Commercial Bank; EnTie Commercial Bank; KGI Bank (formerly

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 1 -

101668346\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

5.      An Order approving and authorizing the Receiver to assign the Receivership Estate's interest in the Russian Angel investment directly to Investor Claimants KGI Bank (55.1%) and EnTie Bank (44.9%), and assign the Receivership Estate's interest in the Frontier Oceana investment directly to Investor Claimant Standard Chartered Bank (Taiwan).  (NOTE:  Certain Investor Claimants may retain Mosier & Company, Inc. and/or Dentons US LLP (or other professionals Mosier & Company, Inc. may choose to retain) directly to oversee certain assets post-Receivership).

6.      An Order approving and authorizing the Receiver to assign pending litigation settlements to an escrow agent selected by the Investor Claimants.  If necessary, approval and authority for the Receiver to assign pending settlements with William Knudson, of former PEMGroup trustee Daily & Knudson, and former PEMGroup directors Nasar Aboubakare and Todd Gillespie, to allow these settlements to be collected and enforced in full.  (NOTE:  Certain Investor Claimants may retain Mosier & Company, Inc. and/or Dentons US LLP (or other professionals Mosier & Company, Inc. may choose to retain) directly to oversee certain litigation settlements post-Receivership).

7.      An Order approving and authorizing the Receiver to transfer all rights and licenses, including any electronic or software licenses held by PEMGroup and/or the Receivership Estate to the Investor Claimants.

8.      An Order approving and authorizing the Receiver to, at his discretion, abandon, destroy, store and/or transfer PEMGroup documents, records, and computers, and to provide access to such documents, records, and computers to Investor Claimants.

9.      An Order confirming the Receiver's right to take possession of the balances in the PEMGroup 401(k) accounts for former PEMGroup

---

Cosmos Bank Taiwan); Core Tech Resources, Inc., and a group of 42 individual investors residing in Taiwan.

- 2 -

101668346\V-1

directors/employees Leon Chan and Wu Wei, and authorizing the Receiver to terminate the PEMGroup 401(k) Plan.

10.     An Order confirming that neither the Receiver nor any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver shall have any liability to any person or entity for any action taken in good faith in connection with carrying out the Receiver's administration of this Receivership Estate, including serving as the trustee for trusts associated with PEMGroup, and the exercise of any powers, duties and responsibilities in connection therewith.

11.     An Order, effective upon completion of the administration of the Receivership Estate and distribution of remaining funds in the Receiver's possession and control, providing (a) that the Receiver, his agents, employees, members, officers, independent contractors, attorneys and representatives are: (i) discharged; (ii) released from all claims and liabilities arising out of and/or pertaining to the Receivership herein; (iii) relieved of all duties and responsibilities pertaining to the Receivership previously established in this action; and (iv) authorized to close and/or dissolve PEMGroup entities; and (b) discharging the Receiver as the trustee for any trusts associated with PEMGroup.

12.     An Order providing for this Court to retain jurisdiction over any and all matters relating to the Receiver and the Receivership Estate, including any matters relating to the distribution of funds received by the Receiver in connection with his obligations as Receiver or otherwise received after the Receivership is closed, and further providing that to the extent any dispute arises concerning the Receiver's administration of the Receivership Estate or to the extent any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver, arising out of or related to this Receivership, the Court shall retain jurisdiction to hear and resolve any such dispute or claim.

- 3 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

101668346\V-1

13.     An Order approving notice of the hearing on this Motion under Local Rule 66-7 so that notice of the hearing on this Motion is deemed sufficient if served on the remaining parties to the action and any known potentially interested parties, including Investor and Non-Investor Claimants, and with at least 50 days of notice prior to the hearing on this Motion.

14.     An Order for any other and further relief as may be reasonable or appropriate in connection with the wind up and closure of the Receivership Estate and discharge of the Receiver.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 15, 2016.  (Pujji Decl., ¶2.)  As described, the SEC does not intend to oppose this Motion.  *Id.*

This Motion is made pursuant to Local Civil Rule 66-7(c), (d), (e) and (f), and is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Receiver Robert P. Mosier and Nick S. Pujji, and exhibits thereto, the Proposed Order, on such pleadings and files of the Court in this action, including without limitation the Receiver's nineteen Status Reports, and the addenda and supplement thereto, the Receiver's prior Applications for Fees and Costs, and upon such other pleadings and oral and documentary evidence as may be presented at or before the time of the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that

1.     Any party seeking to object to the Receiver's Motion and/or the Receiver's Final Account and Report should do so by filing a written objection with the above-referenced Court (Clerk, US District Court, Edward R. Roybal Federal Building and Courthouse 3, 255 East Temple Street, Los Angeles, CA, 90012) on or before **November 28, 2016**, and serve the Receiver's above-listed Counsel with a copy of such objection.  **IF YOU DO NOT OBJECT, NO ACTION IS REQUIRED.**

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES , CALIFORNIA  90017-5704
(213) 623-9300

- 4 -

101668346\V-1

2.      Copies of this Motion, the Receiver's Final Account and Report, and supporting documents will be provided to any interested party upon receipt of a written request which may be sent to:  **Mosier & Company, Inc., Attn:  Nancy Michenaud, 3151 Airway Avenue, Suite A-1, Costa Mesa, CA 92626, USA; Facsimile: 1.714.432.7329; Electronic Mail: nmichenaud@mosierco.com.**

Dated:  October 24, 2016

**DENTONS US LLP**

By: /s/Nick S. Pujji
    NICK S. PUJJI

Attorneys for Receiver
**Robert P. Mosier**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 5 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PRELIMINARY STATEMENT**

Since his appointment in this SEC Enforcement Action on April 27, 2009, Receiver Robert P. Mosier (the "Receiver"), the Court-appointed permanent receiver of Private Equity Management Group, Inc., Private Equity Management Group, LLC, and their subsidiaries and affiliates (collectively, "PEMGroup" or the "Receivership Estate"), and his team, have worked diligently to preserve, manage, transfer, sell, and distribute assets for the benefit of parties who were the victims of PEMGroup's prior operations.  Based on the Receiver's administration and resolution of the vast majority of the Receivership's assets, claims, and affairs over the past seven years -- and upon input from investors -- the Receiver believes it is now appropriate to wind up and close the Receivership Estate.[2]

The Receiver's **Final Account and Report**, and exhibits thereto, are attached hereto as **Exhibit 1**.  (Mosier Decl., ¶2.)  Based on the Receiver's Final Account and Report, and this Motion, the Receiver respectfully requests an Order: (1) approving the Final Account and Report; (2) approving fees and costs from October 1, 2016 through the closing of the Receivership Estate; (3) approving the Receiver's stated wind up tasks, transfers of assets, settlements, rights and licenses, and the final distribution of funds; (4) discharging the Receiver; (5) relieving the Receiver of all duties and liabilities; (6) confirming the Receiver's control over

---

[2]    A summary of the Receiver's activities prior to the Final Account and Report are presented in the Receiver's nineteen Status Reports, and the addenda and supplement thereto (see Dkt. #s 34, 66, 147, 180, 245, 284, 348, 390, 399, 459, 494, 546, 550, 573, 608, 660, 705, 772, 827, 845, 868, 885, 923, 923), as well as the Receiver's prior Applications for Fees and Costs (see Dkt. #s 116, 121, 144, 242, 259, 281, 294, 300, 322, 359, 386, 394, 413, 418, 430, 455, 467, 477, 491, 515, 527, 541, 554, 560, 570, 574, 586, 590, 598, 600, 604, 615, 650, 652, 661, 665, 682, 702, 723, 737, 768, 771, 795, 796, 804, 805, 813, 822, 833, 835, 838, 843, 846, 848, 850, 853,  857,  860, 863, 869, 874, 878, 881, 886, 888, 896, 897, 899, 904, 907, 908,  915,  917, 927,  929.)

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA  90017-5704
(213) 623-9300

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 09-CV-2901 PSG (EX)

101668346\V-1

1   certain 401(k) proceeds held in the accounts of Leon Chan and Wu Wei; (7)

2   approving the notice of this Motion provided by the Receiver under Local Rule 66-

3   7; and (8) all other stated relief necessary to wind up and close the Receivership

4   Estate, as presented in the accompanying Proposed Order.

5   **II.   THE COURT SHOULD APPROVE THE RECEIVER'S FINAL**

6   **ACCOUNT AND REPORT**

7         The Court has wide latitude in supervising the Receiver and may provide for

8   the administration of the Receivership as it deems appropriate.  *Securities and*

9   *Exchange Commission v. Capital Consultants*, LLC, 397 F.3d 733, 738 (9th Cir.

10  2005); 13 *Moore's Federal Practice*, § 66.06[4][a], p. 66-22 (Matthew Bender 3d

11  ed. Rev. 2015).  As part of that discretion, the Court may review and approve the

12  Receiver's reports of activities in order to confirm his activities during the course of

13  the Receivership.  *See* 2 *Clark on Receivers* § 383.1, pp. 643-644 (3rd ed. 1992)

14  ("A receiver's account and report is for the purpose of informing the appointing

15  court and parties interested of the receiver's stewardship.  Since the receiver is the

16  court's officer, the court may at its own instance approve or disapprove the report

17  of the receiver").  Moreover, Court approval of the Receiver's actions and requests

18  is consistent with federal Receivership practice as required by Federal Rule of Civil

19  Procedure, Rule 66.  *See* 2 *Clark on Receivers*, § 383.1 (3d ed. 1992).

20        Based on the activities, figures, achievements, and wind up plan presented in

21  the Receiver's Final Account and Report, the Court should exercise its authority to

22  approve and confirm the Final Account and Report, and grant the accompanying

23  Proposed Order directing the wind up of the Receiver Estate, discharging and

24  releasing the Receiver, and terminating and dissolving all PEMGroup entities and

25  trusts.  The Receiver's proposed plan and activities are reasonable, and will

26  promote the orderly and prompt wind up of the Receivership Estate in an

27  expeditious and cost-effective manner.  (Mosier Decl., ¶2.)  Further, the relief

28  sought is customary and appropriate in closing a Receivership Estate and

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 2 -

101668346\V-1

1   discharging the Receiver.

2   **III.    APPLICATION FOR FEES AND COSTS** *(October 1, 2016 to Close)*

3          In addition to the other relief sought in this Motion, the Receiver seeks

4   approval and authorization to pay the Receiver's fees and expenses and the

5   Receiver's attorneys' fees and costs incurred from October 1, 2016 through the

6   closing of the Receivership Estate ("Final Fee Period").

7          The Receiver's and his professionals' fees and expenses prior to June 1, 2016

8   have already been approved and/or addressed by prior Court Orders.  (*See* Orders re

9   Fee Applications, Dkt. #s 154, 182, 249, 280, 296, 329, 331, 364, 389, 427, 428,

10   439, 465, 470, 496, 502, 538, 557, 558, 569, 575, 576, 591, 602, 603, 626, 627,

11   638, 651, 653, 672, 673, 674, 727, 728, 773, 774, 775, 801, 808, 809, 810, 820,

12   826, 834, 836, 840, 844, 847, 849, 852, 854, 859, 862, 864, 872, 875, 880, 882,

13   887, 893, 895, 900, 901, 902, 909, 910, 911, 916, 921, 928, 930, 941.)  From June

14   1, 2016 to September 30, 2016, the Receiver and his professionals incurred fees and

15   expenses of $289,000, which the Receiver will submit and seek approval of in a

16   separate application to be filed with the Court.

17          The Receiver's anticipated fees and expenses from October 1, 2016 to

18   closing are included in Exhibit 1 to the Receiver's Final Account and Report.  The

19   Receiver estimates, barring any unexpected circumstances, closing expenses from

20   October 1, 2016 through closing and the final distribution of assets to be a total of

21   $165,000, including $75,000 in Receiver's fees and expenses, $60,000 in attorneys'

22   fees and expenses, $20,000 in record storage/destruction expenses, and $10,000 in

23   other fees and expenses.  As presented in the Receiver's Final Account and Report,

24   the Receiver anticipates that fees and expenses incurred during the Final Fee Period

25   will include the following activities:  include the filing and service of this Motion,

26   responding to any objections or questions raised in response to this Motion,

27   preparing a separate Application for fees and expenses for the period June 1, 2016

28   to September 30, 2016, completing the approved final distribution of funds,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 3 -

1   completing the proposed transfer of assets, addressing litigation issues, settlements,

2   rights, and licenses, required payments of funds, transferring

3   PEMGroup/Receivership records, and other related activities necessary to wind up

4   and close the Receivership Estate.

5     Over the course of the Receivership (including the Final Fee Period), the

6   Receiver has provided a 15% discount off of his standard rates -- and the Receiver

7   and his staff have maintained the <u>same billing rates for the past seven years</u>.

8   (Mosier Decl., ¶4.)  The Receiver's counsel Dentons US LLP is providing a special

9   15% discount on the standard billing rate for attorney Nick S. Pujji and a 10%

10  discount on the standard billing rates of all other timekeepers.  (Mosier Decl., ¶4.)

11    The Court has broad discretion in determining the reasonableness of fees to

12  be awarded a receiver, and has approved virtually all of the Receiver's Fee

13  Applications in their entirety to date.  (*See In re San Vicente Medical Partners Ltd.*,

14  962 F. 2d 1402, 1409-1410 (9th Cir. 1992); Orders re Fee Applications, Dkt. #s 154,

15  182, 249, 280, 296, 329, 331, 364, 389, 427, 428, 439, 465, 470, 496, 502, 538,

16  557, 558, 569, 575, 576, 591, 602, 603, 626, 627, 638, 651, 653, 672, 673, 674,

17  727, 728, 773, 774, 775, 801, 808, 809, 810, 820, 826, 834, 836, 840, 844, 847,

18  849, 852, 854, 859, 862, 864, 872, 875, 880, 882, 887, 893, 895, 900, 901, 902,

19  909, 910, 911, 916, 921, 928, 930, 941.)  The Receiver, his professionals, and

20  counsel have reasonably and diligently discharged their duties in this case -- will

21  continue to do through closure of the Receivership Estate.  In consideration of the

22  time expended, the services rendered and the recoveries in this case, the Receiver

23  submits that his fees and costs and those of his professionals and counsel will be

24  reasonable and should be approved and authorized for payment in full after they are

25  incurred.

26    Accordingly, the Receiver respectfully requests the Court to approve the fees

27  and expenses of the Receiver and Receiver's professionals and counsel will incur

28  from October 1, 2016 through the closing of the estate, barring any unexpected

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -

circumstances, in an amount not to exceed $165,000.

## IV.   THE COURT SHOULD CONFIRM THE RECEIVER'S POSSESSION AND CONTROL OVER CERTAIN 401(K) ACCOUNTS

As part of the wind up of the Receivership Estate, and consistent with the Court's March 10, 2014 Order authorizing the Receiver to take possession and control of the funds held in Danny Pang's 401(k) plan account for PEMGroup (Dkt. # 871), the Receiver seeks further authority to take possession and control of the funds held in the PEMGroup 401(k) plan accounts for former PEMGroup directors/employees Leon Chan and Wu Wei.

As of September 30, 2016, former PEMGroup director Leon Chan's (also spelled Lian H. Chan) 401(k) account had a balance of $21,388.47 and former PEMGroup employee, and affiliate of Danny Pang, Wu Wei's 401(k) account had a balance of $10,357.82. (Mosier Decl., ¶4.) Over the course of this case, the Receiver's team has attempted to contact both Mr. Chan and Mr. Wei regarding Receivership matters -- however both have failed to respond to the Receiver, possibly as a general strategy to avoid the Receiver and potential liability stemming from this case. (Mosier Decl., ¶4.) Accordingly, both Mr. Chan and Mr. Wei appear to have abandoned PEMGroup and the funds in their PEMGroup 401(k) accounts. *See, e.g., In re W. Auto Pool & Transporting, Inc*., No. 05-26369-C-7, 2010 WL 9475475, at *2 (Bankr. E.D. Cal. Nov. 18, 2010) (unclaimed property is property that the Trustee may use, sell, or lease…and therefore should be accounted for and delivered to trustee); *In re Engman*, 395 B.R. 610, 620, n. 14 (Bankr. W.D. Mich. 2008) (trustee may take control of property left by others which remains unclaimed, following adequate notice procedures).

Similar to the funds held in Danny Pang's 401(k) account, the funds held in the accounts of Mr. Chan and Mr. Wei are also traceable to funds provided to PEMGroup by its investors as part of PEMGroup's fraudulent operations, and thus should be deemed held by a constructive trust for the benefit of those investors, or

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

101668346\V-1

their assignees.  (*See* Order Granting Receiver's Motion for Order Confirming Constructive Trust for 401(k) Proceeds, Dkt. # 871; Mosier Decl., ¶3.))  "A constructive trust is an equitable remedy that compels the transfer of wrongfully held property to its rightful owner." *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 908-09 (9th Cir. 2010) (citing *Communist Party of U.S. v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980 (Cal. Ct. App. 1995)).  Under California law, a party seeking the imposition of a constructive trust must show:  (1) the existence of *res* (property or some interest in property); (2) the right to that *res*; and (3) the wrongful acquisition or detention of the *res* by another party who is not entitled to it." *Id.*  Stated more plainly, "a constructive trust may be imposed in any situation where there is a wrongful acquisition or detention of property to which another is entitled." *GHK Assoc. v. Mayer Group*, 224 Cal. App. 3d 856, 878 (Cal. Ct. App. 1990); *see also* Cal. Civ. Code §§ 2223, 2224.  Here, the funds held in the accounts of Mr. Chan and Mr. Wei are traceable to funds provided to PEMGroup by its investors as part of PEMGroup's fraudulent operations, and thus should be deemed held by a constructive trust for the benefit of those investors, or their assignees.  *FTC v. Crittenden*, 823 F. Supp. 699, 703 (C.D. Cal. 1993); *see also SEC v. Alanar, Inc.*, No. 1102-DFH-TAB., 2012 BL 33149 (S.D. Ind. Jan. 26, 2012) (holding that 401(k) plan account proceeds must be "turned over to the Receivership Estate for the benefit of harmed investors," rather than the defendants who were liable for securities fraud*); In re Brown*,427 B.R. 715, 724 (D. Minn. 2010).)

Thus, the Receiver should be authorized to take possession and control over the funds held in the PEMGroup 401(k) accounts of Leon Chan and Wu Wei for the benefit of PEMGroup's investors and as part of the wind up of the Receivership Estate.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

101668346\V-1

## V.   THE COURT SHOULD APPROVE THE RECEIVER'S NOTICE OF THE HEARING ON THIS MOTION UNDER LOCAL RULE 66-7

Pursuant to Local Rules 6-1 and 66-7, the Receiver is required to provide 31 days of notice by mail to all parties to the action and all known creditors of the following:  "(c) reports of the Receiver; (d) applications for instructions concerning administration of the estate; (e) applications for discharge of the Receiver; and (f) applications for fees and expenses of the Receiver, the attorney for the Receiver and any other person appointed to aid the Receiver." (Local Rule 66-7(c)-(f).)

Although a total of 112 Proofs of Claims (including both Investor and Non-Investor claims) were filed with the Receiver, and all Non-Investor claims have been resolved (*see, e.g.*, Orders, Dkt. #s 636, 637, 715, 761, 734, 824), out of an abundance of caution, the Receiver intends to mail notice of this Motion to all known potentially interested parties (broader than known creditors), including all Investor and Non-Investor Claimants.  Further, despite Local Rule 6-1 requiring only 31 days of notice for mailed notices of motion, given that a number of potentially interested parties outside the United States, the Receiver intends to provide at least 50 days of notice to potentially interested parties worldwide, with an agent in Taiwan available to translate such notices for parties in Taiwan.[3]

Based on the foregoing, the Receiver seeks an Order providing that the notice requirement for the hearing on this Motion shall be deemed fully satisfied if: (a) the Receiver provides notice by mail of the hearing on the Motion to all known potentially interested parties; and (b) the Receiver sends notice by mail to potentially interested parties at least 50 days prior to the hearing on this Motion.

---

[3]     The Receiver intends to print the Notice of this Motion in single-spaced, 12 point font, on double-sided pages in order to minimize printing and postage costs. The mailed Notice will further contain preliminary language to interested parties that:  **IF YOU DO NOT OBJECT, NO ACTION IS REQUIRED.** A copy of the Final Account and Report and supporting documents will be provided upon written request.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

101668346\V-1

The proposed notice procedure is compliant with the Local Rules, reasonable, and provides adequate notice in light of relevant parties residing in the U.S. and abroad. (Local Rules 6-1, 66-7.)

## VI.   CONCLUSION

Based on the foregoing, the Receiver respectfully requests the Court to grant the Motion and all relief set forth herein, so that the Receiver may proceed to wind up and close the Receivership Estate.


Dated:  October 24, 2016

                              **DENTONS US LLP**


                              By: /s/Nick S. Pujji
                                   NICK S. PUJJI

                              Attorneys for Receiver
                              **Robert P. Mosier**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 09-CV-2901 PSG (EX)

101668346\V-1