NICK S. PUJJI (Bar No. 259571)
nick.pujji@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Receiver
**Robert P. Mosier**

E-FILED 11/30/16

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>PRIVATE EQUITY MANAGEMENT GROUP, LLC; PRIVATE EQUITY MANAGEMENT GROUP, INC.; AND DANNY PANG,<br><br>    Defendants. | CASE NO. 09-CV-2901 PSG (EX)<br><br>Assigned to: Hon. Philip S. Gutierrez<br><br>[PROPOSED] **ORDER:**<br>**(1) APPROVING FINAL ACCOUNT AND REPORT; (2) APPROVING FEES AND COSTS; (3) APPROVING WIND UP TASKS, TRANSFERS, AND FINAL DISTRIBUTION; (4) DISCHARGING RECEIVER; (5) RELIEVING RECEIVER OF ALL DUTIES AND LIABILITIES; (6) CONFIRMING RECEIVER'S CONTROL OVER CERTAIN 401(K) PROCEEDS; (7) APPROVING NOTICE UNDER LOCAL RULE 66-7; AND (8) FOR RELATED RELIEF**<br><br>*[Filed concurrently with Final Account and Report; Notice of Motion and Motion; Memorandum of Points and Authorities; Declarations of Robert P. Mosier and Nick S. Pujji]*<br><br>DATE: December 19, 2016<br>TIME: 1:30 p.m.<br>PLACE: Courtroom 880-Roybal |

[PROPOSED] ORDER -
CASE NO. 09-CV-2901 PSG (EX)

15259296\000001\100293114\V-1

The matter of the Motion for Order: (1) Approving Final Account and Report; (2) Approving Fees and Costs; (3) Approving Wind Up Tasks, Transfers, and Final Distribution; (4) Discharging Receiver; (5) Relieving Receiver of All Duties and Liabilities; (6) Confirming Receiver's Control Over Certain 401(K) Proceeds; (7) Approving Notice Under Local Rule 66-7; and (8) for Related Relief (the "Motion") filed by Receiver Robert P. Mosier (the "Receiver"), the Court-appointed permanent receiver of Private Equity Management Group, Inc., Private Equity Management Group, LLC, and their subsidiaries and affiliates (collectively, "PEMGroup" or the "Receivership Estate") came on regularly for hearing before the Court at the above-referenced date, time and place, before the Honorable Philip S. Gutierrez, United States District Judge.  The Court, having reviewed and considered the Motion, all pleadings and papers submitted in support thereof, and opposition, if any, to the Motion, and having heard the arguments of counsel, and good cause appearing therefor,

**IT IS ORDERED** that:

1. The Motion and the relief sought therein is hereby granted in its entirety.

2. **Final Account and Report**. The Receiver's Final Account and Report, which is attached at **Exhibit 1** to the Memorandum of Points and Authorities in support of the Motion is hereby approved. All actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the Receivership Estate are hereby confirmed and approved.

3. **Fees and Expenses**. All administrative expenses and Receiver's, professionals', and counsel's fees and expenses to be incurred during the period October 1, 2016 through the closing of the Receivership Estate and the discharge of the Receiver ("Final Expense Period"), described and estimated in the Final Account and Report Motion, are hereby allowed, approved, and authorized to be

paid from assets of the Receivership Estate.  For the period October 1, 2016 through the closing of the Receivership Estate and the discharge of the Receiver, at his discretion, the Receiver is allowed, approved, and authorized to pay fees and expenses to the following parties, barring any unforeseen circumstances, not to exceed the following amounts:  $75,000 to the Receiver; $60,000 to Dentons US LLP; and $30,000 to other professionals and expenses.

4.  **Final Distribution**.  The Receiver is hereby approved and authorized to distribute all assets of the Receivership Estate remaining after payment of all administrative expenses, including all fees and expenses of the Receiver and the Receiver's professionals incurred through the closing of the Receivership Estate, and expenses associated with the storage of books and records, to the Investor Claimants[1] of PEMGroup, in amounts that are consistent with the projected allocations and calculations in Exhibit E to the Final Account and Report.

5.  **Transfer of Assets**.  The Receiver is hereby approved and authorized to assign the Receivership Estate's interest in the Russian Angel investment directly to Investor Claimant KGI Bank (55.1%) and EnTie Bank (44.9%), and assign the Receivership Estate's interest in the Frontier Oceana investment directly to Investor Claimant Standard Chartered Bank (Taiwan). Following the close of the Receivership Estate, all or some of the Investor Claimants are hereby permitted to retain Mosier & Company, Inc. and/or Dentons US LLP directly to oversee these assets.

6.  **Assignment of Litigation Settlements**.  The Receiver is hereby approved and authorized to assign pending litigation settlements to an escrow agent, which, at the Receiver's discretion, may include pending settlements with

---

[1] The Investor Claimants include:  Hua Nan Commercial Bank, Ltd.; Hua Nan Investment Trust Co.; Standard Chartered Bank (Taiwan), Ltd.; Bank SinoPac; Taichung Commercial Bank; EnTie Commercial Bank; KGI Bank (formerly Cosmos Bank Taiwan); Core Tech Resources, Inc., and a group of 42 individual investors residing in Taiwan.

William Knudson, of former PEMGroup trustee Daily & Knudson, Nasar Aboubakare, and Todd Gillespie, to allow these settlements to be collected and enforced in full.  Following the close of the Receivership Estate, all or some of the Investor Claimants are hereby permitted to retain Mosier & Company, Inc. and/or Dentons US LLP directly to oversee these litigation settlements.

7. **Transfer of Licenses**. The Receiver is hereby approved and authorized to transfer all rights and licenses, including any electronic or software licenses held by PEMGroup and/or the Receivership Estate to the Investor Claimants.

8. **Documents and Records**. The Receiver is hereby approved and authorized to, at his discretion, abandon, destroy, store and/or transfer all PEMGroup documents, records, and computers, and to provide access to such documents, records, and computers to the Investor Claimants or other parties.

9. **401(k) Plan Account**. For good cause shown, the Court hereby confirms and authorizes the Receiver to take possession and control of the funds held in the PEMGroup 401(k) plan accounts for Leon Chan (Lian H. Chan) and Wu Wei.  These funds will be held by the Receivership Estate until they are distributed in accordance with the terms of this Order.  The Plan Administrator for the PEMGroup 401(k) plan accounts for Leon Chan and Wu Wei is hereby ordered to transfer all proceeds held in these accounts to the Receiver, and take all necessary action to comply with the terms of this Order.  The Receiver is further authorized, at his discretion, to terminate and close the PEMGroup 401(k) plan and any other employee benefits plans associated with PEMGroup.

10. **Discharge of Receiver.**  Effective upon completion of the administration of the Receivership Estate and distribution of remaining funds in the Receiver's possession and control, the Receiver, his agents, employees, members, officers, independent contractors, attorneys and representatives are:  (i) discharged; (ii) released from all claims and liabilities arising out of and/or pertaining to the

1  Receivership herein; (iii) relieved of all duties and responsibilities pertaining to the

2  Receivership previously established in this action; and (iv) discharged and relieved

3  of all duties as the trustee for any trusts associated with PEMGroup.

4        11.    **Termination and Dissolution of PEMGroup Entities and Trusts.**

5  All PEMGroup entities and trusts listed on **Exhibit A** hereto are hereby terminated,

6  closed, and dissolved effective 90 calendar days after the date of this Order.

7        12.    **Release**.  Neither the Receiver nor any agent, employee, member,

8  officer, independent contractor, attorney or representative of the Receiver shall

9  have any liability to any person or entity for any action taken in good faith in

10 connection with carrying out the Receiver's administration of this Receivership

11 Estate, including serving as the trustee for trusts associated with PEMGroup, and

12 the exercise of any powers, duties and responsibilities in connection therewith.

13       13.    **Jurisdiction**.  This Court shall retain jurisdiction over any and all

14 matters relating to the Receiver and the Receivership Estate, including any matters

15 relating to the distribution of funds received by the Receiver in connection with his

16 obligations as Receiver or otherwise received after the Receivership is closed, and

17 to the extent any dispute arises concerning the Receiver's administration of the

18 Receivership Estate or to the extent any person or entity seeks to pursue or assert

19 any claim or action against the Receiver or any agent, employee, member, officer,

20 independent contractor, attorney or representative of the Receiver, arising out of or

21 related to this Receivership, the Court shall retain jurisdiction to hear and resolve

22 any such dispute or claim.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

15259296\000001\100293114\V-1

14. **Notice Approved**. Notice of the hearing on the Motion under Local Rule 66-7 is hereby deemed sufficient and approved if completed as described in the Motion, timely served on the parties to the action and known potentially interested parties, including Investor and Non-Investor Claimants, and with at least 50 days of notice prior to the hearing on this Motion.

**IT IS SO ORDERED.**

Dated: 11/30/16

HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 5 -

[PROPOSED] ORDER -
CASE NO. 09-CV-2901 PSG (EX)

15259296\000001\100293114\V-1